UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PRODUCTS AND VENTURES INTERNATIONAL**,<br><br>          Plaintiff,<br><br>     v.<br><br>**AXUS STATIONARY (SHANGHAI) LTD., ET AL.**,<br><br>          Defendants. | Case No.  16-cv-00669-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 47 |

Plaintiff Products and Ventures International ("PVI") brings this action against defendants Axus Stationery (Shanghai) Ltd. ("Axus Shanghai"), Axus Stationery (Hong Kong) Ltd. ("Axus HK"), Shanghai Marco Stationery Co. Ltd. ("Shanghai Marco"), Shanghai Laikesheng Pen Material Co. Ltd. ("Shanghai Lexon"), Peifeng "Brian" Xu, Andre Viegas, Highton Ltd. ("Highton"), Roberta Trading Corporation ("Roberta Trading"), and Kenpark Ltd. ("Kenpark") (collectively, the "defendants"). [1] Thus far, only Axus HK, Mr. Viegas, Roberta Trading, Highton, and Kenpark have been served (the "Served Defendants"). In plaintiff's complaint, plaintiff brings six causes of action. The first four are asserted against all defendants: (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; (iii) intentional

---

[1] Defendants note that plaintiff inadvertently misspelled the names of defendants Axus Shanghai, Axus HK, and Shanghai Marco in the Complaint. The correct spellings are listed above.

interference with contract; and (iv) intentional interference with prospective economic advantage. The fifth, trade secret misappropriation, is asserted against Axus Shanghai only, and the sixth, breach of confidence, against Messrs. Viegas and Xu only. (Dkt. No. 1 at ¶¶ 55–118 ("Compl.").) Based thereon, plaintiff seeks compensatory damages, consequential and special damages, punitive damages, restitution, and attorney's fees and costs.

Currently pending before the Court is the Served Defendants' motion to dismiss under: (a) Rule 12(b)(5) for insufficient service of process as to Mr. Viegas only; (b) Rule 12(b)(2) for lack of personal jurisdiction as to all Served Defendants; and (c) 12(b)(6) for failure to state sufficient facts to state a claim for (i) the contractual causes of action against the non-parties to an agreement between plaintiff and Shanghai Marco and Marco Trading and (ii) the tort claims against Axus HK, Highton, Roberta Trading, and Kenpark. (Dkt. No. 47, "Mtn.") Additionally, the Served Defendants have moved to strike certain purportedly irrelevant and defamatory allegations in the complaint. (*Id.*) Plaintiff has filed an opposition to the Served Defendants' motion to dismiss (Dkt. No. 56), and the Served Defendants have filed a reply in support of their motion to dismiss (Dkt. No. 63).

Having carefully considered the papers and evidence submitted, the pleadings in this action, and for the reasons set forth on the record at the May 24, 2016 hearing on the Served Defendants' motion to dismiss, the Court **ORDERS** the parties to engage in jurisdictional discovery. The Court **GRANTS** the Served Defendants' motion to dismiss the claims against the Served Defendants pursuant to Rule 12(b)(2) for lack of personal jurisdiction with leave to amend after the end of discovery, **DENIES** their motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, with leave to renew after an amended complaint has been filed, and **DENIES** their motion to strike certain allegations in the complaint.

Upon further reflection with respect to the service on Mr. Viegas, the Court **FINDS** as follows: Federal Rule of Civil Procedure 12(b)(5) permits defendants to move for dismissal based

on insufficient service of process. Fed. R. Civ. P. 12(b)(5); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")  Service on a defendant outside of the United States is governed by Federal Rule of Civil Procedure Rule 4(f). Rule 4(f) mandates that service be completed by: (1) any internationally agreed means of service; (2) any means reasonably calculated to give notice, in the absence of an internationally agreed means; or (3) other means not prohibited by international agreement, as ordered by a court. Fed. R. Civ. P. 4(f). The Hague Convention provides the procedures for transmitting documents and completing service on persons domiciled in a foreign state that is a signatory to the Hague Convention, including the People's Republic of China ("PRC"). *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

Because plaintiff did not follow the Hague Convention in serving Mr. Viegas, and for the reasons stated on the record, defendants' motion to dismiss as to Mr. Viegas for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5), is **GRANTED WITHOUT PREJUDICE**.

However, under Federal Rule of Civil Procedure 4(f)(3), courts may order substituted service through any means not prohibited by international law. Courts have allowed service under Rule 4(f)(3) "upon a foreign defendant's United States-based counsel" to prevent further delays in litigation. *Richmond Tech., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012) (allowing substituted service on individual officer defendants in PRC by serving the company's authorized agent for service in Delaware or its U.S. counsel). "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the test." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). If defendant Mr. Viegas does not voluntarily

agree to accept service, the Court will entertain a motion to allow substituted service in this case.

With respect to the issue of jurisdictional discovery, the discovery period shall close on **August 31, 2016**. Plaintiff shall file its amended complaint no later than **September 6, 2016**.

**IT IS SO ORDERED.**

Dated: June 7, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

4