UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PRODUCT AND VENTURES                )
INTERNATIONAL,                      )
                                    )
            PLAINTIFF,              )    NO. C-16-0669 YGR
                                    )
  VS.                               )    TUESDAY, MAY 24, 2016
                                    )
AXUS STATIONARY (SHANGHAI)          )    OAKLAND, CALIFORNIA
LTD., ET AL.,                       )
                                    )
                                    )    MOTION TO DISMISS
                                    )
            DEFENDANTS.             )
_____)


**BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**          GAW | POE LLP
                            4 EMBARCADERO CENTER, SUITE 1400
                            SAN FRANCISCO, CALIFORNIA 94111
                      BY:   SAMUEL SONG,ESQUIRE


**FOR DEFENDANTS:**         HOGAN LOVELLS
                            3 EMBARCADERO CENTER, SUITE 1500
                            SAN FRANCISCO, CALIFORNIA 94111
                      BY:   MICHELLE ALBORZFAR, ESQUIRE



**REPORTED BY:**            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                            OFFICIAL COURT REPORTER

        TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

TUESDAY, MAY 24, 2016                                3:35 P.M.

P R O C E E D I N G S

**THE CLERK:**  WE WILL DO THE PRODUCTS AND VENTURES

INTERNATIONAL VERSUS AXUS STATIONARY.

CALLING CIVIL ACTION 16-669 PRODUCTS AND VENTURES

INTERNATIONAL VERSUS AXUS STATIONARY.

COUNSEL, PLEASE STATE YOUR APPEARANCES.

**MR. SONG:**  GOOD AFTERNOON, YOUR HONOR.  SAMUEL SONG

FOR THE PLAINTIFF.

**MS. ALBORZFAR:**  GOOD AFTERNOON, YOUR HONOR.  MICHELLE

ALBORZFAR FOR THE MOVING DEFENDANTS.

**THE COURT:**  GOOD AFTERNOON.  I NEED TO GRAB YOUR FILE

REAL QUICK.  I WILL BE RIGHT BACK.

(PAUSE IN THE PROCEEDINGS.)

**THE COURT:**  ALL RIGHT.  LET'S BEGIN.

HOW DO I PRONOUNCE YOUR NAME?

**MS. ALBORZFAR:**  ALBORZFAR.

**THE COURT:**  WE'LL START WITH YOU.

GO AHEAD.

**MS. ALBORZFAR:**  THANK YOU, YOUR HONOR.

WE MOVED TO DISMISS THIS CASE BECAUSE THE -- WE BELIEVE

THAT THE PLAINTIFF HAS FAILED TO SATISFY THE BASIC PROCEDURAL

REQUIREMENTS TO ALLEGE AND MAINTAIN CLAIMS IN THIS COURT.  AND

THE PLAINTIFF'S RESPONSE TO OUR MOTION IS THAT MY CLIENTS ARE

ATTEMPTING TO EVADE LIABILITY AND GET THIS CASE GOING ON THE

1   MERITS BASED ON MERE TECHNICALITIES.

2        AND WHILE WE BELIEVE THAT DOWN THE ROAD THEY WILL BE

3   UNABLE TO SHOW LIABILITY IN ANY EVENT, YOUR HONOR, DUE PROCESS

4   IS NOT A MERE TECHNICALITY AND NEITHER ARE THE REQUIREMENTS

5   AND THE RULES GOVERNING CONTRACT INTERPRETATION AND CONTRACT

6   LIABILITY.  THOSE RULES ARE THERE FOR A REASON, AND THE

7   PLAINTIFF IS ATTEMPTING TO ARGUE THAT THOSE RULES SHOULD NOT

8   APPLY TO THEM WITHOUT ANY BASIS FOR DOING SO.

9        **THE COURT:**  WELL, THERE'S NOT NO BASIS.  SO FOCUS ON

10  THE FACTS.

11       **MS. ALBORZFAR:**  YES, YOUR HONOR.

12       **THE COURT:**  FOCUS ON THE ALLEGATIONS.  I MEAN

13  THAT'S -- THAT'S WHAT I HAVE TO LOOK AT.  RIGHT?

14       THERE IS A TEST, AND I NEED TO LOOK AT EVERY COMPONENT OF

15  THAT TEST AND DECIDE WHICH WEIGH IN FAVOR OF JURISDICTION AND

16  WHICH DO NOT.  AND THE ALLEGATION HERE IS THAT YOU HAVE ONE

17  DEFENDANT WHO ENTERED INTO A CONTRACT HERE IN CALIFORNIA THAT

18  HAD A CLAUSE WHERE THERE WAS JURISDICTION AND THAT OTHER

19  DEFENDANTS ARE EFFECTIVELY THE ALTER EGO.  THAT'S THE ISSUE.

20  SO IT'S NOT AS IF THERE'S NO BASIS.

21       **MS. ALBORZFAR:**  YOUR HONOR, THE CONTRACT ON WHICH THE

22  PLAINTIFF ARGUES THAT THERE WAS A CONSENT TO JURISDICTION IS A

23  CONTRACT THAT, AS YOU RECOGNIZED, EIGHT OF THE NINE NAMED

24  DEFENDANTS AND NONE OF THE SPECIALLY-APPEARING DEFENDANTS

25  ACTUALLY ENTERED INTO.

1       ONE OF THE PLAINTIFFS' ALLEGATIONS IS THAT THE CONTRACT

2     WAS ENTERED INTO BY NOT ONLY THE NAMED PARTIES BUT ALSO

3     SUBSIDIARIES AND RELATED ENTITIES OF THOSE PARTIES.

4       BUT IF YOUR HONOR LOOKS AT THE FIRST PROVISION OF THE

5     CONTRACT AT ISSUE, WHICH IS EXHIBIT 1 TO THE COMPLAINT, IT

6     STATES THAT THE CONTRACT WAS ENTERED INTO BETWEEN MARCO

7     TRADING COMPANY AND SHANGHAI MARCO STATIONARY COMPANY LIMITED

8     AND ITS SUBSIDIARIES OR OTHER RELATED COMPANIES.  BUT DIRECTLY

9     AFTER THAT CLAUSE, THERE'S A SPECIFIC CLAUSE THAT DEFINES

10    MARCO TRADING COMPANY -- EXCUSE ME.  DEFINES MARCO -- SHANGHAI

11    MARCO AS INCLUDING ONLY SHANGHAI MARCO AND MARCO TRADING

12    COMPANY.

13      AND THOSE ARE THE ENTITIES THAT ARE REFERRED TO THROUGHOUT

14    THE AGREEMENT.  THE REST OF THE AGREEMENT, EVERY TIME THAT AN

15    OBLIGATION APPEARS, THE OBLIGATION IS WITH SPECIFIC REFERENCE

16    TO SHANGHAI MARCO.  AND SHANGHAI MARCO WAS SPECIFICALLY

17    DEFINED TO ONLY INCLUDE THE TWO ENTITIES OF SHANGHAI MARCO --

18           **THE COURT:**  SLOW DOWN.

19         **MS. ALBORZFAR:**  YES, YOUR HONOR.  I'M SORRY.

20    SHANGHAI MARCO AND MARCO TRADING COMPANY.  SECTION 15 OF

21    THE AGREEMENT IS THE DISPUTE RESOLUTION PROVISION, AND THAT'S

22    THE SECTION THAT INCLUDES THE FORUM SELECTION CLAUSE ON WHICH

23    THE PLAINTIFF ARGUES CONFERS JURISDICTION HERE ON

24    NON-CONTRACTING PARTIES.

25      SECTION 15, THE VERY FIRST SENTENCE STATES:  IF A DISPUTE

1    OR COMPLAINT ARISES CONCERNING THIS AGREEMENT, SHANGHAI MARCO

2    AND PVI WILL NEGOTIATE A RESOLUTION OF THE DISPUTE, AND GOES

3    ON TO TALK ABOUT THE DISPUTE RESOLUTION PROCEDURES THAT ARE

4    REQUIRED.

5        THIS PROVISION SPECIFICALLY IDENTIFIES SHANGHAI MARCO AND

6    PVI.  AGAIN, YOUR HONOR, SHANGHAI MARCO IS SPECIFICALLY

7    IDENTIFIED IN THE AGREEMENT AS INCLUDING --

8        **THE COURT:**  YOU ARE MISSING THE POINT.  I GET THE

9    SIMPLE.  THAT'S NOT WHERE THE ANALYSIS HAPPENS.  SO YOU CAN

10   EITHER REGURGITATE THE OBVIOUS AND I WILL MOVE ON TO THE

11   PLAINTIFF, OR YOU CAN ATTEMPT TO INFORM THE ANALYSIS ON WHAT'S

12   MORE COMPLICATED, WHICH IS, EVERYTHING THAT HAPPENS AFTER THE

13   FACT WHICH IS BEING ARGUED BY IMPLICATION IS THE GROUNDS FOR

14   JURISDICTION.

15       SO DO YOU WANT TO ADDRESS THE MORE COMPLICATED ISSUE OR

16   SHALL I ASK FOR COMMENTS BY MR. SONG?

17       **MS. ALBORZFAR:**  YES, YOUR HONOR.  I WILL ADDRESS THE

18   NEXT PLAINTIFF'S ALTER EGO LIABILITY ALLEGATIONS.

19       THE PLAINTIFF IS REQUIRED IN ORDER TO ASSERT ALTER EGO

20   LIABILITY, THEY HAVE TO MEET TWO REQUIREMENTS.  THE FIRST

21   REQUIREMENT IS THAT THERE IS A UNITY OF INTEREST AMONGST THE

22   VARIOUS DEFENDANTS.  AND IN THIS CASE, THE PLAINTIFF RELIES ON

23   ALLEGATIONS THAT ARE CONTRADICTED BY THE EVIDENCE THAT WE HAVE

24   PROFFERED IN OUR PAPERS, AND ON A MOTION TO DISMISS FOR

25   PERSONAL JURISDICTION GROUNDS, THE COURT IS ENTITLED TO RELY

1    ON THAT EVIDENCE.

2         FOR EXAMPLE, THE PLAINTIFF ALLEGES THAT THERE IS -- THERE

3    WERE TRANSFERS OF ASSETS AMONG THE VARIOUS DEFENDANTS AND THAT

4    THE DEFENDANTS COMMINGLE ASSETS WITH ONE ANOTHER.  AND THERE'S

5    EVIDENCE IN FRONT OF YOUR HONOR THAT SHOWS THAT THOSE

6    ALLEGATIONS ARE NOT TRUE AND THAT EVIDENCE IS -- THAT EVIDENCE

7    MAY BE CONSIDERED ON A MOTION TO DISMISS UNDER THESE

8    CIRCUMSTANCES.

9         BUT THE SECOND PRONG OF THE ALTER EGO ANALYSIS IS REALLY

10   WHERE THE PROBLEM LIES.  THERE, THE PLAINTIFF HAS TO SHOW THAT

11   AN INEQUITABLE RESULT WILL OCCUR IF THE COURT DISREGARDS --

12   DOES NOT DISREGARD THE CORPORATE VEIL.  AND HERE, THE ONLY

13   ALLEGATION THAT PVI CAN ASSERT IS THAT IF THE COURT DOESN'T

14   PIERCE THE CORPORATE VEIL, IT DOESN'T BELIEVE IT WILL BE ABLE

15   TO RECOVER FROM SHANGHAI MARCO.

16        AND THIS COURT HAS SPECIFICALLY FOUND IN PRIOR CASE LAW

17   THAT THAT'S NOT A SUFFICIENT BASIS FOR SHOWING AN INEQUITABLE

18   RESULT UNDER ALTER EGO LIABILITY.  AND, IN FACT, HERE, THE

19   PLAINTIFF HAS NAMED SHANGHAI MARCO AS A DEFENDANT IN THIS

20   CASE.  SO OBVIOUSLY THE PLAINTIFF BELIEVES THAT THERE'S SOME

21   MERIT TO SUING SHANGHAI MARCO IN THE CASE.

22        THE RULE THAT YOUR HONOR HAS ARTICULATED IN PRIOR CASE LAW

23   IS IMPORTANT AND IT'S FOR A GOOD REASON.  AND THE REASON IS,

24   IF WE ADOPTED THE PLAINTIFF'S THEORY, THEN ANY TIME THE

25   PLAINTIFF COULD CONCEIVE OF A POSSIBLE SCENARIO IN WHICH THE

1   PARTY THAT IT ENTERED INTO A CONTRACT WITH MIGHT NOT BE --

2   THEY MIGHT NOT BE ABLE TO RECOVER FROM THAT DEFENDANT, THE

3   PLAINTIFF COULD NAME IN LITIGATION ANY ENTITY, ANY PERSON WHO

4   IT CAN ALLEGE HAS ANY CONCEIVABLE RELATIONSHIP WITH THE

5   CONTRACTING PARTY. AND THAT'S NOT THE LAW. THAT'S NOT THE

6   STANDARD.

7        **THE COURT:** SO SHOULD I ALLOW DISCOVERY,

8   JURISDICTIONAL DISCOVERY?

9        **MS. ALBORZFAR:** WE DON'T BELIEVE, YOUR HONOR, THAT

10  THERE IS A SUFFICIENT BASIS ALLEGED FOR JURISDICTION, BUT IF

11  YOUR HONOR HAS ANY DOUBT ABOUT THAT, WE WOULD SUBMIT THAT,

12  YES, JURISDICTIONAL DISCOVERY WOULD BE THE PREFERRED COURSE OF

13  ACTION INSTEAD OF ASSERTING JURISDICTION WHERE WE MIGHT LATER

14  DISCOVER THAT NONE EXISTED.

15       **THE COURT:** ALL RIGHT. RESPONSE.

16       **MR. SONG:** SO IT SOUNDS LIKE THE COURT IS INTERESTED

17  IN THE ALTER EGO ALLEGATIONS.

18       **THE COURT:** AND I DON'T THINK YOU HAVE ANY -- YOU

19  CERTAINLY DON'T MEET ANY TEST FOR DIRECT JURISDICTION.

20       **MR. SONG:** WELL --

21       **THE COURT:** WITH RESPECT TO THESE ENTITIES THAT HAVE

22  NO TIES OR CONNECTIONS TO CALIFORNIA, EITHER GENERALLY OR

23  SPECIFICALLY. IT'S THE ONLY HOOK YOU HAVE IS THAT CONTRACT.

24       **MR. SONG:** I DON'T NECESSARILY AGREE. I THINK AS

25  WE'VE ARGUED, EACH OF THE DEFENDANTS IS AN EXPRESS PARTY TO

1    THE CONTRACT.  THE CONTRACT ON THE FIRST PAGE SAYS THAT THE

2    PARTIES INCLUDE SHANGHAI MARCO, MARCO TRADING COMPANY, AND ALL

3    RELATED COMPANIES AND SUBSIDIARIES.

4        IN ADDITION TO THAT FIRST PARAGRAPH, THERE IS

5    PARAGRAPH 18B OF THE DISTRIBUTION AGREEMENT WHICH STATES THAT

6    THIS AGREEMENT SHALL REMAIN IN FORCE REGARDLESS OF CHANGES IN

7    NAME, OWNERSHIP, LEGAL STATUS, OR LOCATION OF SHANGHAI MARCO,

8    ITS PARENT COMPANY, OR ITS SUBSIDIARIES.

9        WHAT HAPPENED IN THIS CASE IS SHANGHAI MARCO CAME FIRST,

10   WE BELIEVE, AND THEN THE INDIVIDUAL DEFENDANTS, MR. VIEGAS AND

11   MR. XU, CREATED ALL OF THESE OTHER COMPANIES.  EXACTLY WHY, WE

12   DON'T KNOW.  WE BELIEVE IT WAS FOR SOME IMPROPER PURPOSE.

13       AND THEN WHAT HAPPENED WAS THAT THESE OTHER COMPANIES,

14   NAMELY, SHANGHAI LAIKESHENG AND LATER AXUS STATIONARY ASSUMED

15   THE OBLIGATIONS UNDER THE DISTRIBUTION AGREEMENT FROM SHANGHAI

16   MARCO.  SO WE'VE ARGUED THAT THE OTHER DEFENDANTS ARE EXPRESS

17   PARTIES TO THE CONTRACT.

18       IF WE ARE TALKING ABOUT PERSONAL JURISDICTION, THERE ARE

19   TWO PRETTY STRAIGHTFORWARD THEORIES FOR THE COURT'S FINDING OF

20   PERSONAL JURISDICTION IN THIS CASE.  ONE WOULD BE CONSENT AND

21   TWO WOULD BE SPECIFIC JURISDICTION UNDER PURPOSEFUL AVAILMENT

22   ANALYSIS.

23       ON THE ISSUE OF CONSENT, WE FEEL THAT THE NINTH CIRCUIT

24   LAW ON THIS AREA IS PRETTY CLEAR.  THERE'S *MANETTI-FARROW*

25   WHICH HELD THAT FEDERAL LAW APPLIES IN EVALUATING A FORUM

SELECTION CLAUSE.  THERE'S ALSO THE NINTH CIRCUIT CASE IN *CHAN*
WHICH HELD THAT AGREEING OR CONSENTING TO A FORUM SELECTION
CLAUSE AMOUNTS TO A CONSENT TO PERSONAL JURISDICTION IN THAT
PARTICULAR VENUE.

IN TERMS OF IMPUTING THE CONSENT TO THE OTHER DEFENDANTS,
OTHER THAN SHANGHAI MARCO, THERE ARE THREE ALTERNATIVE WAYS
THE COURT CAN FIND THAT IMPUTATION.  ONE IS THE THEORY THAT I
JUST DISCUSSED, THAT ALL OF THE DEFENDANTS ARE EXPRESS PARTIES
TO THE CONTRACT.  ANOTHER THEORY IS ONE DISCUSSED IN
*MANETTI-FARROW* AS WELL, AND ALSO JUDGE ALSUP'S DECISION
*ULTRATECH*.  AND THAT THEORY IS THAT EVEN IF SOME OF THE
DEFENDANTS WERE NOT EXPRESS PARTIES TO THE AGREEMENT, THEY ARE
BOUND BECAUSE THE CLAIMS AGAINST THEM ARE QUOTE "CLOSELY
RELATED" END QUOTE TO THE CONTRACTUAL RELATIONSHIP.

I WOULD URGE THE COURT TO TAKE A LOOK AT *ULTRATECH*.  IT'S
A PRETTY STRAIGHTFORWARD APPLICATION OF THAT RULE.

(JUDGE SNEEZED.)

**MR. SONG:**  BLESS YOU, YOUR HONOR.

**THE COURT:**  THANK YOU.  GO AHEAD.

**MR. SONG:**  THE ALTER EGO ALLEGATIONS -- NOT ONLY THE
ALLEGATIONS BUT ALSO THE FACTS SET FORTH IN THE AFFIDAVITS,
THOSE PROVIDE A THIRD ALTERNATIVE BASIS FOR IMPUTING CONSENT
TO ALL OF THE DEFENDANTS IN THIS ACTION --

(JUDGE SNEEZED.)

**MR. SONG:**  BLESS YOU, YOUR HONOR.  I HOPE YOU ARE NOT

1    ALLERGIC TO ME.

2         **THE COURT:**  NO.  IT'S JUST BEEN A LONG DAY.

3      GO AHEAD.

4         **MR. SONG:**  OKAY.  AS TO THE ALTER EGO ALLEGATIONS

5    THEMSELVES, WE BELIEVE THAT WE'VE SUFFICIENTLY ALLEGED AND SET

6    FORTH ADDITIONAL FACTS IN THE AFFIDAVITS.

7      I THINK THE CALIFORNIA COURTS HAVE HELD THAT EVEN PLEADING

8    JUST ONE FACTOR, FOR EXAMPLE, SOLE OWNERSHIP IS ENOUGH TO

9    ESTABLISH THE FIRST PRONG OF ALTER EGO, WHICH IS UNITY OF

10   INTEREST.  AND I BELIEVE WE SET FORTH PLENTY OF FACTS

11   DEMONSTRATING SOLE OWNERSHIP BY MR. VIEGAS AND MR. XU OVER ALL

12   OF THE CORPORATE DEFENDANTS IN THIS CASE.

13     AS TO THE INEQUITABLE RESULT, WE DID ARGUE THAT BECAUSE

14   SHANGHAI MARCO WAS DISSOLVED IN 2013, THE PROBLEM, IF THE

15   COURT DOES NOT PIERCE THE CORPORATE VEIL, IS THAT THEN

16   DEFENDANTS COULD POTENTIALLY AVOID LIABILITY COMPLETELY.  AND

17   AS THE DEFENDANTS POINTED OUT, THAT'S SOMETHING THAT HAPPENED

18   IN THE PAST AND *AXON*, THE CASE THAT WE CITED, DEALT WITH

19   SOMETHING THAT HAPPENED AFTER -- AFTER THE RELEVANT LAWSUIT

20   WAS FILED.

21     IN THE DECLARATION THAT WE SUBMITTED, THE DECLARATION OF

22   JULIAN RUSSELL -- JULIAN RUSSELL IS PLAINTIFF'S CORPORATE

23   INVESTIGATOR -- HE DISCOVERED THAT STARTING IN FEBRUARY OF

24   THIS YEAR AFTER THIS ACTION WAS FILED THAT MR. VIEGAS AND

25   MR. XU, BOTH DEFENDANTS IN THIS ACTION, BEGAN TO DEREGISTER

1    SOME OF THEIR COMPANIES, INCLUDING ONE OF THE DEFENDANTS NAMED

2    IN THIS ACTION.  THAT'S KENPARK.

3        THIS SUGGESTS TO US THAT THIS DISSOLVING OF SOME OF THE

4    CORPORATE DEFENDANTS IS ... MAY BE AN EFFORT TO AVOID

5    LIABILITY IN THIS CASE.  IT'S NOT JUST AN ARGUMENT THAT

6    PLAINTIFF WON'T BE ABLE TO RECOVER THEIR LOSSES; IT'S AN

7    ARGUMENT THAT THE DEFENDANTS ARE TRYING TO AVOID LIABILITY

8    COMPLETELY.  SO WE BELIEVE THAT CLEARLY ESTABLISHES AN

9    INEQUITABLE RESULT JUSTIFYING THE APPLICATION OF THE ALTER EGO

10   DOCTRINE.

11       JUST A COUPLE OF POINTS I WANTED TO ADDRESS AT FIRST.

12   DEFENDANTS' COUNSEL SAID THAT -- ON THE PERSONAL JURISDICTION

13   ISSUE THAT FACTS PRESENTED IN A DECLARATION THEY SUBMITTED

14   WITH THEIR REPLY BRIEF BY MR. VIEGAS CONTRADICTS PLAINTIFF'S

15   FACTUAL SHOWING.  WELL, THE NINTH CIRCUIT STANDARD IS, IF

16   THERE ARE FACTUAL DISPUTES IN THE AFFIDAVITS, THOSE DISPUTES

17   MUST BE WEIGHED IN FAVOR OF THE PLAINTIFF.  SO IT'S NOT -- THE

18   TIE GOES TO THE PLAINTIFF.

19       SO IT'S -- IT'S INEFFECTUAL TO TRY TO CREATE THIS FACTUAL

20   DISPUTE BY SUBMITTING ANOTHER DECLARATION WITH THE REPLY

21   BRIEF.

22       **THE COURT:**  AND YOUR PERSPECTIVE ON JURISDICTIONAL

23   DISCOVERY?

24       **MR. SONG:**  OH.  WE BELIEVE THAT IF THE COURT IS --

25   HAS FURTHER QUESTIONS ABOUT WHETHER JURISDICTION IS PROPER IN

1    THIS CASE, WE WOULD -- YEAH, WE WOULD ASK FOR JURISDICTIONAL

2    DISCOVERY.  AND THE DEFENDANTS AGREE.

3        **THE COURT:**  WELL, I THINK GIVEN THE INTERNATIONAL

4    IMPLICATIONS AND CONCERNS THAT I HAVE, WHEN I LOOK AT THE TEST

5    I DO HAVE TO DO SOME WEIGHING AND SOME BALANCING, AND

6    UNFORTUNATELY I DON'T THINK I HAVE ENOUGH TO DO THAT GIVEN THE

7    CURRENT STATE OF THE RECORD.  SO I DO THINK THAT

8    JURISDICTIONAL DISCOVERY IS APPROPRIATE.

9        THERE ARE SOME FACTORS WHICH WEIGH IN FAVOR OF BOTH SIDES,

10   AND I AM CONCERNED ABOUT THE DEFENDANTS SEEKING TO

11   MANUFACTURE, IF THAT'S WHAT IT IS, CORPORATE ENTITIES TO AVOID

12   LIABILITY.  ON THE OTHER HAND, THERE ARE CONCERNS ABOUT

13   HAULING SOMEONE IN FROM A FOREIGN COUNTRY WHO SHOULDN'T BE

14   HERE IN THE FIRST PLACE.

15       SO UNTIL I HAVE A BETTER GRASP OF WHAT IS THERE, I THINK

16   THAT THIS IS BETTER LEFT FOR A DAY IN THE FUTURE.  AND I KNOW

17   THAT, AT LEAST WITH RESPECT TO -- WE ARE STILL GOING THROUGH

18   THE HAGUE CONVENTION, I THINK, RIGHT?

19       **MR. SONG:**  THAT'S CORRECT AS TO SOME OF THE UNSERVED

20   DEFENDANTS.

21       **THE COURT:**  ONE OF THE DEFENDANTS.  SO I AM GOING TO

22   ORDER JURISDICTIONAL DISCOVERY.

23       HOW MUCH TIME DO YOU NEED?

24       **MR. SONG:**  IT WOULD DEPEND IN PART ON HOW COOPERATIVE

25   THE DEFENDANTS ARE.  BUT PRELIMINARILY I THINK WE WOULD ASK

1    FOR THREE MONTHS IF THAT SOUNDS REASONABLE TO YOUR HONOR.

2            **THE COURT:**  ALL RIGHT.  SO I THINK -- I WILL ORDER

3    JURISDICTIONAL DISCOVERY WITH AN AMENDED COMPLAINT SO THAT I

4    KNOW WHAT IT IS YOU HAVE.

5            SO THE MOTION IS GRANTED WITH LEAVE TO AMEND EXCEPT THE

6    MOTION TO STRIKE IS DENIED.  THE MOTIONS TO STRIKE ARE RARELY,

7    IF EVER, GRANTED.  AND THE PROFFER MADE BY THE DEFENSE TO

8    STRIKE PARAGRAPH 36, THE SECOND SENTENCE OF 41 BECAUSE THEY

9    INCLUDE INFORMATION, OR AT LEAST ALLEGATIONS THAT THE

10   DEFENDANT DOESN'T FRANKLY LIKE, IS NOT A BASIS FOR A RULE

11   12(F) MOTION.  SO THAT MOTION IS DENIED WITH PREJUDICE.  I

12   DON'T WANT TO SEE IT AGAIN.  ALL RIGHT?

13           **MS. ALBORZFAR:**  UNDERSTOOD, YOUR HONOR.

14           **THE COURT:**  WHAT I WILL EXPECT THEN, IF I GIVE YOU

15   THE SUMMER TO CONDUCT DISCOVERY, I'LL PUT YOU ON -- I'LL ORDER

16   THAT YOUR AMENDED COMPLAINT BE FILED BY SEPTEMBER 6TH.  AND

17   THEN WE MAY GO THROUGH ANOTHER ROUND OF BRIEFING, BUT AT LEAST

18   I WILL HAVE THE BENEFIT OF THE JURISDICTIONAL DISCOVERY.

19           **MR. SONG:**  YES, YOUR HONOR.

20           NOT TO BELABOR THE ISSUE, BUT JUST SO WE CAN CRAFT A

21   BETTER COMPLAINT FOR YOUR HONOR, IS YOUR HONOR CONCERNED WITH

22   THE PERSONAL JURISDICTION ANALYSIS ITSELF OR RATHER THE

23   CONNECTION BETWEEN THE DEFENDANTS WHO AREN'T SHANGHAI MARCO OR

24   BOTH?

25           **THE COURT:**  PRIMARILY THE LATTER.

1          **MR. SONG:** THE CONNECTION.

2          **THE COURT:** I THINK THAT IT IS A HARD SELL, ALTHOUGH

3      I UNDERSTAND YOUR ARGUMENT, I THINK IT'S A HARD SELL GIVEN THE

4      WEIGHING THAT I NEED TO DO TO BRING IN AN INTERNATIONAL

5      CORPORATION ON THE BASIS OF A GENERIC CLAUSE THAT ATTACHES TO

6      THE PRIMARY SIGNER OF THE CONTRACT. SO I JUST NEED, I NEED

7      MORE. I NEED TO UNDERSTAND THOSE RELATIONSHIPS MORE, AND

8      WHETHER OR NOT ANY OF THESE ENTITIES HAD ANYTHING TO DO WITH

9      THIS CONTRACT. I MEAN, IF THEY HAD SOMETHING TO DO WITH THE

10     CONTRACT, THAT MAKES A STRONGER CASE.

11         **MR. SONG:** I BELIEVE WE DO ALLEGE THAT, AT LEAST WITH

12     RESPECT TO SOME OF THE DEFENDANTS. FOR EXAMPLE, DEFENDANT

13     KENPARK RECEIVED COMMISSION PAYMENTS IN DIRECT CONNECTION WITH

14     THE DISTRIBUTION AGREEMENT.

15         IN ADDITION, AXUS HONG KONG WAS A SUBSIDIARY OF AXUS

16     STATIONARY. AXUS STATIONARY, WE ALLEGE, DIRECTLY ASSUMED THE

17     OBLIGATIONS -- THE CONTRACTUAL OBLIGATIONS OF THE DISTRIBUTION

18     AGREEMENT. THESE ARE DIRECT CONNECTIONS TO SHANGHAI MARCO,

19     YOUR HONOR.

20         AND I UNDERSTAND YOUR HONOR'S CONCERN. THIS IS AN UNUSUAL

21     CASE WHERE WE'VE GOT SEVEN CORPORATE ENTITIES, BUT I THINK

22     IT'S WORTH REMEMBERING THAT WE'RE DEALING WITH CHINESE

23     CORPORATIONS. NOT THAT THERE'S ANYTHING INHERENTLY WRONG WITH

24     CHINESE CORPORATIONS, BUT THINGS ARE DONE DIFFERENTLY OVER

25     THERE.

1    IN THE UNITED STATES, YOU DON'T SEE THIS MANY RELATED

2    CORPORATE ENTITIES CREATED WHICH ARE ESSENTIALLY RELATED, ARE

3    UNDER ONE UMBRELLA.  IN CHINA, I BELIEVE, MY UNDERSTANDING IS

4    THAT THE LAWS ARE A LITTLE BIT DIFFERENT.  IN FACT, THERE ARE

5    SOME LAWS THAT SORT OF ENCOURAGE THE CREATION OF THESE RELATED

6    ENTITIES ESPECIALLY IN A SITUATION WHERE YOU HAVE A PERSON

7    FROM OUTSIDE OF CHINA COMING INTO CHINA AND CREATING

8    BUSINESSES.

9    SO THERE'S THIS -- IT'S JUST A LITTLE BIT DIFFERENT OVER

10   THERE.  THAT'S WHAT I AM SAYING.  SO I UNDERSTAND THAT IT'S A

11   LITTLE BIT UNUSUAL, BUT --

12        **THE COURT:**  ALL OF THAT CAN BE ALLEGED.  IT CAN.  I

13   MEAN I HAVE THE FIRST -- YOU'VE BEEN SITTING IN HERE ALL DAY.

14   THE FIRST CASE THAT I HAD WAS AN MDL THAT INVOLVES A NUMBER OF

15   ASIAN COMPANIES AS WELL.  WE'VE GOT SONY, PANASONIC, TOSHIBA,

16   LIKE 18 DEFENDANTS, AND EACH OF THE NAMED DEFENDANTS HAVE

17   MULTIPLE ENTITIES.  AND THE WAY THEY DO THINGS OVER THERE

18   DIFFERS.  RIGHT?

19   SO YOU TAKE AN ANTITRUST CASE AND YOU OVERLAY THE

20   INTERNATIONAL DIFFERENCES IN CORPORATE STRUCTURE.  BUT THAT

21   CAN BE ALLEGED.  AND AT LEAST THAT PART OF IT HAS NOT BEEN

22   ALLEGED.

23   SO IF YOU HAVE A PERSPECTIVE IN MIND ABOUT WHY IT IS THAT

24   THESE ARE RELATED, EVEN IF IT'S IN PART ON YOUR -- OR YOUR

25   CLIENT'S VIEW OF HOW THE CORPORATE STRUCTURE OPERATES OVER

1    THERE, WELL THEN ALLEGE IT.  I DON'T HAVE THAT IN FRONT OF ME.

2         **MR. SONG:**  UNDERSTOOD, YOUR HONOR.

3         **THE COURT:**  ALL RIGHT?

4    AND AFTER THE NEXT ROUND WHEN I HAVE MORE, THEN I CAN DO A

5    MORE COMPREHENSIVE ORDER AND IF WE NEED TO GO ANOTHER ROUND,

6    WE WILL GO ANOTHER ROUND.

7         **MR. SONG:**  LET'S HOPE NOT.

8         **MS. ALBORZFAR:**  YOUR HONOR, WE HAD RAISED ONE MORE

9    ISSUE IN OUR MOTION TO DISMISS AND THAT WAS SERVICE OF PROCESS

10   AS TO ONE OF THE DEFENDANTS WHO HAS ALLEGEDLY BEEN SERVED BY

11   RESIDES IN SHANGHAI.  IF YOUR HONOR HAS ANY QUESTIONS ABOUT

12   THAT ARGUMENT, I WOULD BE HAPPY TO ADDRESS THEM.

13   I JUST WANT TO REITERATE THAT THE PLAINTIFF IS IN THE

14   PROCESS ALREADY OF FOLLOWING THE HAGUE CONVENTION WITH RESPECT

15   TO EVERY OTHER DEFENDANT IN THIS CASE THAT'S LOCATED IN

16   SHANGHAI --

17        **THE COURT:**  THIS IS WITH RESPECT TO MR. VIEGAS?

18        **MS. ALBORZFAR:**  YES, YOUR HONOR.

19   THE PLAINTIFF CLEARLY HAS THE MEANS TO FOLLOW THE

20   REQUIREMENTS OF THE HAGUE CONVENTION, HAS TWO SEPARATE CHINESE

21   LAW FIRMS THEY'VE HIRED AS LOCAL COUNSEL, AND THEY RAISED THE

22   ISSUE THAT MR. VIEGAS IS AN AMERICAN CITIZEN, BUT THERE IS NO

23   AUTHORITY SUPPORTING THAT AS AN EXCUSE.

24        **THE COURT:**  I LOOKED FOR THAT, AND I AGREE, MR. SONG.

25   I THINK YOU NEED TO, UNDER THE CURRENT STATE OF THE LAW, AND

1    WE TRIED TO TRACK IT DOWN ABOVE AND BEYOND YOUR BRIEFS, THAT

2    YOU STILL NEED TO FOLLOW THE HAGUE CONVENTION EVEN IF IT'S --

3    IRRESPECTIVE OF IT'S A UNITED STATES CITIZEN IF THEY ARE

4    LIVING ABROAD, IT HAS TO BE FOLLOWED.  THAT'S MY VIEW.

5            **MR. SONG:**  I UNDERSTAND, YOUR HONOR.

6        I GUESS WE WEREN'T ARGUING THAT THE COURT ISSUE A

7    CATEGORICAL RULE THAT U.S. CITIZENS DON'T HAVE TO BE SERVED

8    WHEN THEY'RE RESIDING ABROAD, BUT UNDER THE CIRCUMSTANCES OF

9    THIS CASE WHERE MR. VIEGAS IS UNDISPUTEDLY A UNITED STATES

10   CITIZEN, HE HAS FILED TWO SEPARATE DECLARATIONS IN THIS

11   ACTION, IS CLEARLY AWARE OF THIS CASE AND HAS HIRED COUNSEL TO

12   REPRESENT HIM AND THE OTHER DEFENDANTS IN THIS ACTION, THAT IT

13   WOULD SERVE NO REAL PURPOSE, AND CERTAINLY NOT THE PURPOSES OF

14   THE HAGUE CONVENTION TO REQUIRE THE -- THAT THE HAGUE

15   CONVENTION PROCEDURES BE FOLLOWED IN THIS CASE.

16           **MS. ALBORZFAR:**  IF I MAY BRIEFLY RESPOND.

17       ADOPTING THE PLAINTIFF'S POSITION WOULD EFFECTIVELY

18   PENALIZE FOREIGN DEFENDANTS FROM GOING THROUGH THE APPROPRIATE

19   CHANNELS TO CHALLENGE SERVICE OF PROCESS WHEN IT'S NOT

20   EFFECTIVE BY RETAINING CALIFORNIA COUNSEL AND MAKING A SPECIAL

21   APPEARANCE TO CHALLENGE SERVICE.

22       THERE IS NO, AS YOUR HONOR NOTED, THERE IS SIMPLY NO

23   AUTHORITY SUPPORTING A FAILURE TO FOLLOW THE HAGUE CONVENTION,

24   AND THE PLAINTIFF IS DOING THAT WITH RESPECT TO EVERY OTHER

25   DEFENDANT.  THERE'S NO BASIS TO MAKE MR. VIEGAS ANY EXCEPTION

1    TO THE RULE.

2          **THE COURT:**  IS THERE AN ATTORNEY'S FEES PROVISION IN

3    THE CONTRACT?

4          **MS. ALBORZFAR:**  YES, YOUR HONOR.

5          **MR. SONG:**  YES, I BELIEVE THERE IS.

6          **THE COURT:**  WELL, I CAN ALWAYS AWARD YOU ALL OF YOUR

7    ATTORNEY'S FEES FOR EVERYTHING THAT YOU'VE HAD TO GO THROUGH

8    IF HE'S TRYING TO AVOID SERVICE BY FORCING THE ADDITIONAL TIME

9    AND PROCEDURE.

10          **MR. SONG:**  I WAS JUST INVOLVED IN THAT PROCESS, AND

11    IT IS A VERY INVOLVED PROCESS.  WE RECEIVED CONFIRMATION FROM

12    THE CHINESE MINISTRY OF JUSTICE THAT THEY'VE ACCEPTED OUR

13    DOCUMENTS.  NOW THEY NEED TO BE SENT TO THE CHINA PEOPLE'S

14    HIGH COURT.  I'M SURE YOUR HONOR IS FAMILIAR WITH THE PROCESS,

15    BUT THERE ARE ABOUT FIVE DIFFERENT COURTS THAT HAVE TO LOOK AT

16    THESE DOCUMENTS BEFORE THEY ACTUALLY GET SENT TO THE

17    DEFENDANTS IN CHINA.

18          **THE COURT:**  WELL, I WILL -- LET ME THINK ABOUT THAT

19    ONE, AND I WILL ISSUE A SEPARATE ORDER WITH RESPECT TO THAT

20    ONE.  BUT I MIGHT BE INCLINED TO, ONCE YOU EFFECTUATE PROCESS

21    AND I HAVE HIM HERE, AWARD YOU ATTORNEY'S FEES IF HE CAN'T

22    GIVE ME A DECENT REASON FOR NOT AGREEING TO BE COOPERATIVE

23    WHEN HE'S A UNITED STATES CITIZEN.

24          **MS. ALBORZFAR:**  YOUR HONOR, I WOULD NOTE THAT THIS

25    DISPUTE HAS BEEN A LONG TIME COMING.  THE PLAINTIFF'S KNOWN

1    THERE WAS GOING TO BE A DISPUTE FOR A LONG TIME.  THE PARTIES

2    WENT THROUGH MEDIATION NEGOTIATION AND SENT AROUND DRAFT

3    COMPLAINTS.  THERE'S NO REASON WHY MR. VIEGAS COULDN'T HAVE

4    BEEN INCLUDED IN THE INITIAL PROCEDURES FOR SERVING THE OTHER

5    DEFENDANTS IN THE HAGUE CONVENTION.  AND, IN FACT --

6         **THE COURT:**  THAT ARGUMENT ACTUALLY CUTS THE OTHER

7    WAY.  IT DOESN'T HELP YOUR CLIENT.

8         **MS. ALBORZFAR:**  IN TERMS OF THE COSTS, YOUR HONOR, IF

9    ALL OF THE DOCUMENTS HAD BEEN TRANSMITTED AT THE SAME TIME

10   LIKE THEY WERE REQUIRED TO BE UNDER THE HAGUE CONVENTION, THAT

11   WOULD HAVE ALLEVIATED SOME OF THE CONCERNS.

12        **THE COURT:**  IT DOESN'T HELP YOUR CLIENT. HE'S A

13   UNITED STATES CITIZEN.  HE ENTERED INTO A CONTRACT THAT HAS A

14   TO FORUM SELECTION CLAUSE IN IT.  IF HE WAS IN CALIFORNIA,

15   THIS WOULD NOT BE AN ISSUE.  IF HE WAS ANYWHERE IN THE UNITED

16   STATES, THIS WOULD NOT BE AN ISSUE.

17      IF HE WANTS TO HIDE IN A FOREIGN COUNTRY WHEN HE KNOWS

18   THAT THERE'S A DISPUTE AND DOESN'T WANT TO ACCEPT SERVICE, I

19   WILL CONSIDER ATTORNEY'S FEES BEING AWARDED FOR THE COST OF

20   HAVING TO DO THIS WITH RESPECT TO HIM.  AND YOU LET HIM KNOW

21   THAT.

22        **MS. ALBORZFAR:**  I CERTAINLY WILL, YOUR HONOR.  AND I

23   UNDERSTAND.  MY ONLY POINT IS THAT THE RULES ARE -- THE RULES

24   HAVE BEEN PUT IN PLACE FOR A REASON, AND THERE IS NO EXCEPTION

25   FOR AMERICAN CITIZENSHIP.  BUT I DO UNDERSTAND YOUR HONOR'S

1　POINT AND I WILL PASS IT ALONG, CERTAINLY.

2　　　　**THE COURT:** THERE ARE TWO WAYS TO PLAY BALL. IF

3　THAT'S THE WAY HE WANTS TO PLAY, IT MAY COST HIM.

4　　ALL RIGHT. I'LL ISSUE AN ORDER ON THAT ONE.

5　　　　**MR. SONG:** YOUR HONOR, IF I MAY SPEAK JUST ONE MORE

6　TIME. I PROMISE. JUST TWO POINTS.

7　　SO IN EFFECTING SERVICE THROUGH THE HAGUE CONVENTION ARE

8　THE OTHER DEFENDANTS, THE COPIES OF THE SUMMONS AND THE

9　COMPLAINT WILL BE DELIVERED TO MR. VIEGAS BECAUSE SHANGHAI

10　MARCO WAS DISSOLVED, AND THAT'S -- MR. VIEGAS IS THE PERSON TO

11　WHOM WE SENT IT TO.

12　　I WOULD ALSO ASK IF THE COURT IS INCLINED, THAT WE COULD

13　FILE A MOTION FOR SUBSTITUTED SERVICE ON MR. VIEGAS IF THE

14　COURT'S OPEN TO THAT. THAT WOULD BE AN ALTERNATIVE REQUEST SO

15　WE CAN AVOID THE DELAY AND COST OF HAVING --

16　　　　**THE COURT:** I HAVEN'T LOOKED ON THE LAW ON IT.

17　　　　**MR. SONG:** GOT IT. OKAY.

18　　　　**THE COURT:** BUT I'M NOT PARTICULARLY INTERESTED IN

19　GAMESMANSHIP. I'M NOT PARTICULARLY INTERESTED IN INCREASING

20　THE COST OF LITIGATION, ESPECIALLY WHERE THE EQUITIES SUGGEST

21　THAT HE SHOULD ACCEPT SERVICE AND BE DONE WITH IT.

22　　SO I DON'T KNOW WHAT THAT MOTION WOULD LOOK LIKE SO I'M

23　NOT GOING TO GIVE YOU SOME KIND OF PRELIMINARY INDICATION. I

24　THINK I'VE LET DEFENSE COUNSEL KNOW MY PERSPECTIVE ON THIS,

25　AND WHAT I THINK AS A BUSINESSMAN MR. VIEGAS SHOULD BE DOING,

1    PERIOD.  ALL RIGHT?

2        WE ARE ADJOURNED.

3            **MR. SONG:**  THANK YOU, YOUR HONOR.

4            **MS. ALBORZFAR:**  THANK YOU, YOUR HONOR.

5                (PROCEEDINGS CONCLUDED AT 4:07 P.M.)

6

7                    **CERTIFICATE OF REPORTER**

8            I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

9    UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

10   CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

11   RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

12

13   *Diane E. Skillman*

14            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

15                TUESDAY, JUNE 14, 2016

16

17

18

19

20

21

22

23

24

25