UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PRODUCTS AND VENTURES INTERNATIONAL**,<br><br>Plaintiff,<br><br>v.<br><br>**AXUS STATIONARY (SHANGHAI) LTD., ET AL.**,<br><br>Defendants. | Case No. 16-cv-00669-YGR<br><br>**ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE; DENYING MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 75 |

On May 24, 2016, the Court heard oral arguments on the specially appearing defendants' motion to dismiss this action. (Dkt. No. 71.) The Court dismissed the complaint with leave to amend and ordered that the parties engage in jurisdictional discovery. (Dkt. No. 71; *see* Dkt. No. 74 (Transcript of May 24 Hr'g) at 4.) On June 7, 2016, the Court issued a written order incorporating its orders on the record at the May 24, 2016 hearing, and further dismissed the claims against defendant Andre Viegas for insufficient service of process because plaintiff Products and Ventures International failed to follow the requirements of Federal Rule of Civil Procedure 4(f) and the Hague Convention. (Dkt. No. 72.) In the order, the Court stated that it would entertain a motion requesting substituted service on Mr. Viegas, if Mr. Viegas did not voluntarily agree to accept service.

On June 17, 2016, plaintiff filed a motion for substituted service on Mr. Viegas. (Dkt. No. 75, "Mtn.") Additionally, plaintiff requests that the Court award plaintiff with attorney's fees and

costs associated with filing the instant motion for substituted service. (*Id.*) On June 24, 2016, Mr. Viegas specially appeared through his U.S.-based counsel to serve an opposition to plaintiff's motion (Dkt. No. 79, "Opp'n").[1]

Having carefully considered the papers submitted, and for the reasons set forth below, the Court hereby **GRANTS** the motion for substituted service, but **DENIES** the motion for attorney's fees and costs. The jurisdictional discovery request plaintiff served on Mr. Viegas through his U.S.-based counsel on June 6, 2016 (*see* Dkt. No. 76, Decl. of Gaw ¶ 3) shall be deemed properly served as of the date of this Order.

## I. MOTION FOR SUBSTITUTED SERVICE

Plaintiff requests the Court to order substituted service on Mr. Viegas through his U.S.-based counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) states that service upon an individual in a foreign country may be perfected by any "means not prohibited by international agreement, as the court orders." Defendant argues first that plaintiff must demonstrate an "urgency" requiring an order for substituted service—and has failed to do so—and second that plaintiff has provided no reason explaining why service could not be effected on Mr. Viegas pursuant to the Hague Convention. The Ninth Circuit held the following with respect to Rule 4(f)(3):

> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2). Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction "or." Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002). The Ninth Circuit further explained that a plaintiff need "only to demonstrate that the facts and

---

[1] On June 21, 2016, the Court approved a stipulation modifying the briefing schedule in which plaintiff agreed to waive the filing of a reply, and defendant agreed to shortening the time to respond to the motion. (Dkt. No. 78.)

circumstances of the present case necessitate[] the district court's intervention." *Id.* at 1016.[2] Here, the Court finds sufficient facts and circumstances making the Court's intervention appropriate.

Here, Mr. Viegas is not similarly situated to the other defendants who reside in the People's Republic of China ("PRC") and for whom plaintiff is working through the prescriptions of the Hague Convention for the purposes of service. Mr. Viegas argues his exclusion at this time would not cause any undue delay because he would be on the same litigation track as the other PRC defendants if plaintiff were to serve him through the Hague Convention. However, unlike these other defendants, Mr. Viegas is a U.S. citizen and was one of the signatories to the contract at issue here. Moreover, Mr. Viegas is alleged to have significant ownership of all of the corporations at issue in this litigation and allegedly has been decommissioning corporations and transferring assets to avoid potential liability in this litigation, necessitating urgent action. Accordingly, the Court finds that the facts and circumstances surrounding Mr. Viegas, narrowly and specifically, as opposed to all the defendants, necessitate the Court's intervention here in authorizing substituted service. The Court further finds that service on Mr. Viegas' U.S.-based counsel comports with the rules and is not expressly prohibited by the Hague Convention. *See Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) ("Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 10-CV-04945, 2011 WL 845882, at *3 (N.D. Cal. Mar. 8, 2011) (finding that "service on [defendant] through its U.S. counsel comports with due process"); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012) (allowing substituted service on individual officer

---

[2] Contrary to defendant's assertion, the Advisory Committee Comments to Rule 4(f) do not provide support for defendant's assertion that plaintiff need show some special "urgency" prior to obtaining a court order for substituted service under Rule 4(f). The Advisory Committee Comments only provided some examples of when substituted service may be appropriate, noting that even the Hague Convention authorizes special forms of service in cases requiring urgency. Fed. R. Civ. P. 4 (Advisory Committee Comments).

3

defendants in PRC by serving the company's authorized agent for service in Delaware or its U.S. counsel).

Accordingly, the Court **AUTHORIZES** service on Mr. Viegas to be effected by service on Hogan Lovells US LLP, Mr. Viegas' U.S.-based counsel. The Court **ORDERS** that the jurisdictional discovery requests authorized by the Court and served by plaintiff on Mr. Viegas' counsel be deemed effective as of the date of this Order.

## II. MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff also requests attorney's fees in the amount of $5,757.50 for the preparation and filing of the motion for substituted service because defendant refused to waive service. The Court declines to grant such a request at this time.[3]

The case plaintiff cites in support of its request for attorney's fees recognizes that courts have the inherent power to assess attorney's fees against counsel but only in "narrowly defined circumstances." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). *Chambers* further notes that courts may assess fees when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Id.* at 46. Although Mr. Viegas' refusal to waive service may have the effect of delaying or disrupting the litigation, the Court is unable to find at this time that it has been done in bad faith.[4]

Accordingly, plaintiff's instant motion for attorney's fees and costs associated with the instant motion is **DENIED**.

---

[3] The cost shifting provision in the distribution agreement at issue in this litigation only provides that the "substantially prevailing party shall be entitled to reasonable attorneys' fees and costs, in addition to any other relief to which it may be entitled." (Dkt. No. 1-1 at 9.)

[4] Additionally, defendant's argument that Rule 4(d) explicitly does not allow shifting the cost of service to a defendant located abroad who failed to waive service is instructive here. That the Federal Rules explicitly allow fee-shifting for defendants in the United States who refuse to waive service while exempting defendants located abroad persuades the Court that it should also not impose an order for attorney's fees based on the same type of action. *See Brockmeyer v. May*, 383 F.3d 798, 807–08 (9th Cir. 2004); *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000).

### III. CONCLUSION

The Court **AUTHORIZES** substituted service on Mr. Viegas through his U.S.-based counsel. The jurisdictional discovery request served on his counsel on June 6, 2016 shall be deemed served as of the date of this Order. The Court **DENIES** plaintiff's request for attorney's fees and costs associated with the instant motion.

**IT IS SO ORDERED.**

Dated: July 21, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**