1  RANDOLPH GAW (S.B. #223718)
     rgaw@gawpoe.com
2  MARK POE (S.B. #223714)
     mpoe@gawpoe.com
3  SAMUEL SONG (S.B. #245007)
     ssong@gawpoe.com
4  GAW | POE LLP
   4 Embarcadero, Suite 1400
5  San Francisco, CA 94111
   Telephone: (415) 766-7451
6  Facsimile: (415) 737-0642

7  Attorneys for Plaintiff Products and
   Ventures International
8
   Mark C. Goodman (Bar No. 154692)
9  Michelle P. Alborzfar (Bar No. 268323)
   HOGAN LOVELLS US LLP
10 3 Embarcadero Center, 15th Floor
   San Francisco, California 94111
11 Telephone: 415.374.2300
   Facsimile: 415.374.2499
12 mark.goodman@hoganlovells.com
   michelle.alborzfar@hoganlovells.com
13
   Attorneys Specially Appearing for Defendants
14 AXUS STATIONERY (HONG KONG) LTD.,
   ANDRE VIEGAS, HIGHTON LTD., ROBERTA
15 TRADING CORPORATION and KENPARK LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| PRODUCTS AND VENTURES INTERNATIONAL,<br><br>                    Plaintiff,<br><br>     v.<br><br>AXUS STATIONARY (SHANGHAI) LTD., et al.,<br><br>                    Defendants. | Case No. 4:16-CV-00669-YGR<br><br>**STIPULATED AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>*AS MODIFIED BY THE COURT*<br><br>Courtroom: 1, Fourth Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Plaintiff Products and Ventures International and specially appearing defendants Axus
2  Stationery (Hong Kong) Ltd., Andre Viegas, Highton Ltd., Roberta Trading Corporation, and
3  Kenpark Ltd. (the "Specially Appearing Defendants"), by and through the undersigned counsel,
4  hereby stipulate and agree that the following protective order shall govern discovery in this
5  action.  Accordingly, the parties request that the Court enter this Stipulated Protective Order as
6  follows:

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or attempting to settle this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.    DEFINITIONS**

**2.1    Party**: Any party to this action, including that party's officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

**2.2    Non-Party**:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.3    Disclosure or Discovery Material**:  All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts or tangible thing(s)), which are produced or generated in disclosures or responses to discovery in this matter.

**2.4** **"Confidential" Information or Items**: Information (regardless of how generated, stored or maintained) or any tangible thing that qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c).

**2.5** **"Highly Confidential – Attorneys' Eyes Only" Information or Items**: Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or Non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**2.6** **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7** **Producing Party**: A Party or Non-party that produces Disclosure or Discovery Material in this action.

**2.8** **Designating Party**: A Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

**2.9** **Protected Material**: Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

**2.10** **Counsel**: The outside law firms who are counsel of record for the respective Parties in this matter (including their attorneys, staff and independent contractors), in-house counsel for the corporate parties herein and such legal, clerical, paralegal and secretarial staff employed or retained by a Party or outside counsel for the sole purpose of assisting in the litigation, provided that each such firm or person not employed by the firm first sign the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A and thereby agree to be bound by the terms of this Order.

**2.11** **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in

connection with this litigation.

**2.12** **Professional Vendors**: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

**5.1**   **Exercise of Restraint and Care in Designating Material for Protection.**  Each Party or Non-Party that designates information or items for protection under this Order must take

1  care to limit any such designation to specific material that qualifies under the appropriate

2  standards.  The Designating Party must designate for protection only those parts of material,

3  documents, items, or oral or written communications that qualify – so that other portions of the

4  material, documents, items, or communications for which protection is not warranted are not

5  swept unjustifiably within the ambit of this Order.

6  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

7  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

8  unnecessarily encumber or retard the case development process or to impose unnecessary

9  expenses and burdens on other parties) expose the Designating Party to sanctions.

10  If it comes to a Designating Party's attention that information or items that it designated

11  for protection do not qualify for protection, that Designating Party must promptly notify all other

12  Parties that it is withdrawing the mistaken designation.

13  **5.2**   **Manner and Timing of Designations.**  Except as otherwise provided in this

14  Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

15  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

16  designated before the material is disclosed or produced.

17  Designation in conformity with this Order requires:

18  (a)  for information in documentary form (*e.g.*, paper or electronic documents, but

19  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

20  Party affix the legend "Confidential" or "Highly Confidential – Attorney's Eyes Only" to each

21  page that contains Protected Material.  If only a portion or portions of the material on a page

22  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

23  (*e.g.*, by making appropriate markings in the margins).

24  A Party or Non-Party that makes original documents or materials available for

25  inspection need not designate them for protection until after the inspecting Party has indicated

26  which material it would like copied and produced.  During the inspection and before the

27  designation, all of the material made available for inspection shall be deemed "Highly

28  Confidential – Attorneys' Eyes Only."  After the inspecting Party has identified the documents it

1  wants copied and produced, the Producing Party must determine which documents, or portions
2  thereof, qualify for protection under this Order.  Then, before producing the specified documents,
3  the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential –
4  Attorneys' Eyes Only") to each page that contains Protected Material.  If only a portion or
5  portions of the material on a page qualifies for protection, the Producing Party also must clearly
6  identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

7  (b)  for testimony given in deposition or in other pretrial or trial proceedings, that
8  the Designating Party (i) identify on the record, before the close of the deposition, hearing, or
9  other proceeding, all protected testimony, or (ii) within 30 days of receipt of the certified
10 deposition transcript, identify the specific portions of the testimony as "Confidential" or "Highly
11 Confidential – Attorneys' Eyes Only."

12 (c)  for information produced in some form other than documentary and for any
13 other tangible items, that the Producing Party affix in a prominent place on the exterior of the
14 container or containers in which the information or item is stored the appropriate legend
15 ("Confidential" or "Highly Confidential – Attorneys' Eyes Only").  If only a portion or portions
16 of the information or item warrant protection, the Producing Party, to the extent practicable, shall
17 identify the protected portion(s).

**5.3**  **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1**  **Timing of Challenges.**  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

**6.2** **Meet and Confer.** The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring through their respective counsel within fourteen (14) days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process (Judicial Intervention) only after it has engaged in this meet and confer process or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3** **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14 day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to

the designation of a deposition transcript or any portions thereof.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1    Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of "Confidential" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)  the Receiving Party's Counsel;

(b)  the officers, directors, and employees, consultants, retained experts and outside counsel (and their support staff) of the Receiving Party to whom disclosure is reasonably necessary for use in prosecuting, defending or attempting to settle this litigation;

- 7 -                       STIP. AND [PROPOSED] PROT. ORDER
                            CASE NO. 4:16-CV-00669-YGR

1      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is
2 reasonably necessary for use in prosecuting, defending or attempting to settle this litigation.  Each
3 Party will require that any and all Experts retained by it sign the "Acknowledgment and
4 Agreement to Be Bound" (Exhibit A);

5      (d)  the Court and its personnel;

6      (e)  court reporters and their staff, professional jury or trial consultants, mock
7 jurors, and Professional Vendors to whom disclosure is reasonably necessary for use in
8 prosecuting, defending or attempting to settle this litigation and who have signed the
9 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10      (f)  during their depositions, witnesses in the action to whom disclosure is
11 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
12 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of
13 transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be
14 separately bound by the court reporter and may not be disclosed to anyone except as permitted
15 under this Stipulated Protective Order.

16      (g)  the author or recipient of a document containing the information or a custodian
17 or other person who otherwise possessed or knew the information.

18   **7.3   Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or**
19 **Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a
20 Receiving Party may disclose any information or item designated "Highly Confidential –
21 Attorneys' Eyes Only" only to:

22      (a)   the Receiving Party's Counsel;

23      (b)   experts (as defined in this Order) of the Receiving Party to whom
24 disclosure is reasonably necessary for use in prosecuting, defending or attempting to settle this
25 litigation.  Each Party will require that any and all Experts retained by that Party sign the
26 "Agreement to be Bound by Protective Order" (Exhibit A);

27      (c)   the Court and its personnel;

28      (d)   court reporters, their staff and Professional Vendors to whom disclosure is

reasonably necessary to support the parties' efforts in prosecuting, defending or attempting to settle this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A); and

      (e)    the author or recipient of the document or the original source of the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," that Party must:

(a) notify the Designating Party in writing immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification shall include a copy of the subpoena or court order;

(b) immediately and in no event more than three (3) business days after receiving the subpoena or order inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

**THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) notify the Requesting Party and the Non-Party in writing immediately and in no event more than three (3) business days after receiving the discovery request that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) immediately and in no event more than three (3) business days after receiving the discovery request provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.   MISCELLANEOUS**

**12.1   Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2   Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3   Filing Protected Material.** Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**13.   FINAL DISPOSITION**

1     Within 60 days after the final disposition of this action, each Receiving Party must return
2 all Protected Material to the Producing Party or, alternatively, destroy such Protected Material.
3 As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
4 summaries, and any other format reproducing or capturing any of the Protected Material.
5 Whether the Protected Material is returned or destroyed, the Receiving Party must submit a
6 written certification to the Producing Party (and, if not the same person or entity, to the
7 Designating Party) by the 60-day deadline that affirms that (1) all of the Protected Material was
8 returned or destroyed in accordance with this Order and (2) affirms that the Receiving Party has
9 not retained any copies, abstracts, compilations, summaries or any other format reproducing or
10 capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to
11 retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,
12 legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work
13 product, and consultant and expert work product, even if such materials contain Protected
14 Material.  Any such archival copies that contain or constitute Protected Material remain subject to
15 this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: August 9, 2016       /s/ Randolph Gaw

                                            GAW | POE LLP
                                            Randolph Gaw
                                            Attorneys for Plaintiff Products and Ventures Int'l

DATED: August 9, 2016       /s/ Mark C. Goodman
                                            HOGAN LOVELLS US LLP
                                            Mark C. Goodman
                                            Attorneys for the Specially Appearing Defendants

**ATTESTATION OF SIGNATURE**

I attest under penalty of perjury under the laws of the United States of America that I have received the concurrence in the filing of this document from the listed signatories as required by Local Rule 5-1(i)(3).

Dated: August 9, 2016

By:  /s/ Samuel Song
     Samuel Song

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: __August 15, 2016__     _____
                                Honorable Yvonne Gonzalez Rogers
                                United States District Judge

...

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Products and Ventures Int'l v. Axus Stationary (Shanghai) Ltd., et al.*, No. 4:16-CV-00669-YGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.
I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____