RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
SAMUEL SONG (S.B. #245007)
 ssong@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiff Products and
Ventures International

MARK C. GOODMAN (S.B. #154692)
 mark.goodman@hoganlovells.com
Michelle P. Alborzfar (S.B. #268323)
 michelle.alborzfar@hoganlovells.com
HOGAN LOVELLS US LLP
3 Embarcadero Center, 15th Floor
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

Attorneys for Defendants Roberta Trading
Corporation and Andre Viegas

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| PRODUCTS AND VENTURES INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>AXUS STATIONERY (SHANGHAI) LTD., et al.,<br><br>Defendants.<br><br>ROBERTA TRADING CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>PRODUCTS AND VENTURES INTERNATIONAL and CARLOS FAIRBANKS,<br><br>Counterclaim Defendants. | Case No. 4:16-CV-00669-YGR<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 10, 2017<br>Time: 2:00 p.m.<br>Courtroom: 1, Fourth Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

# UPDATED JOINT CASE MANAGEMENT STATEMENT

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, plaintiff Products and Ventures International ("Plaintiff" or "PVI") and defendants Roberta Trading Corporation and Andre Viegas (collectively, "Defendants") have met and conferred and hereby submit this Updated Joint Case Management Statement.

## 1. JURISDICTION AND SERVICE

Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because all defendants are citizens of a foreign state or domiciled in a foreign state, and the amount in controversy exceeds $75,000. Defendants are not disputing subject matter jurisdiction at this time.

There are disputed issues regarding personal jurisdiction. Specifically, Defendants dispute that they are subject to personal jurisdiction in California. On January 18, 2017, the Court granted defendants Axus Stationery (Hong Kong) Ltd., Highton Ltd., Howin Investments Ltd. and Noblesse (Hong Kong) Ltd.'s motion to dismiss the claims against them for lack of personal jurisdiction.[1] The Court denied without prejudice Plaintiff's request for leave to amend its amended complaint. The Court stated in its order that "Plaintiff may later file a motion for leave to amend should further development of the record warrant such a request." (Dkt. 144 at 17.) Plaintiff intends to file a motion for leave to file a second amended complaint. Because Defendants are unaware of any basis on which the Court's original denial of leave to amend should be disturbed, Defendants anticipate opposing the plaintiff's motion for leave.

In light of the disputes relating to jurisdiction, there are no disputed issues regarding venue at this time.

Among the various defendants named in this action, Plaintiff contends that it has served

---

[1] Additionally, the Court dismissed all claims against defendant Kenpark Ltd. for failure to state a claim, dismissed the intentional interference with contract and intentional interference with prospective economic advantage claims against defendant Roberta Trading Corporation for failure to state a claim and dismissed the breach of contract and breach of the implied covenant of good faith and fair dealing claims against defendant Andre Viegas for failure to state a claim. (Dkt. 144.)

all of them except to the extent it is still in the process of completing service on the following four defendants through the Ministry of Justice ("MOJ") of the People's Republic of China in accordance with the requirements imposed by the MOJ pursuant to the Hague Convention: Axus Stationery (Shanghai) Ltd. ("Axus"), Shanghai Marco Stationery Co., Ltd. ("Shanghai Marco"), Shanghai Laikesheng Pen Material Co. Ltd. ("Shanghai Lexon"), and Peifeng Xu (the "Non-Served Defendants"). On May 19, 2016, a representative of the MOJ confirmed receipt of the service documents, and stated that the documents will be transferred to the Supreme People's Court. On February 13, 2017, Plaintiff filed a motion for substituted service on the Non-Served Defendants. As explained in the motion, Plaintiff contends that service through the Ministry of Justice is now taking up to 18 months to complete, and in some cases, taking years. Plaintiff has received little substantive information from the Ministry of Justice on the status of its efforts to serve process through the Hague Convention on the Non-Served Defendants. Defendants opposed the motion for substitute service on the grounds that Plaintiff's request to serve the Non-Served Defendants through Hogan Lovells US LLP, if granted, would violate those defendants' due process rights because that law firm does not represent those defendants and that Plaintiff has failed to demonstrate that substitute service is warranted with respect to the Non-Served Defendants.

On March 15, 2017, Roberta Trading Corporation filed an amended counterclaim against Plaintiff and Carlos Fairbanks. On March 20, Roberta Trading Corporation mailed to Mr. Fairbanks at both of his California addresses service documents relating to the amended counterclaim and requested that he sign an acknowledgment of service. In addition, those documents were provided to counsel for Plaintiff and Mr. Fairbanks on March 21. Roberta Trading Corporation has repeatedly requested that Mr. Fairbanks' counsel accept service of the counterclaim on his behalf and has informed Mr. Fairbanks that, if he does not return the executed acknowledgment form within 20 days from the date on which it was mailed, Roberta Trading Corporation will seek to recover from him all costs incurred to pursue further efforts to serve him pursuant to California law. On March 28, Mr. Fairbanks' counsel informed Roberta Trading Corporation that they have discussed its most recent request regarding service with Mr.

Fairbanks but that they do not know whether they will agree to accept service on his behalf or when a decision will be made regarding that matter. Mr. Fairbanks' counsel has already pointed out to Roberta Trading Corporation that Mr. Fairbanks is domiciled in Italy. Thus, as the Court had previously held that service of process upon Mr. Viegas was governed by Federal Rule of Civil Procedure 4(f) (Dkt. No. 72 at 3), Mr. Fairbanks contends that service of process upon him is similarly governed by Rule 4(f) and not by California law. Furthermore, Mr. Fairbanks' counsel has already offered to accept service of process on his behalf should the Court grant Plaintiff's Motion for Substituted Service on Foreign Defendants.

**2. FACTS**

**a. Plaintiff's Statement**

Plaintiff PVI was a worldwide supplier of components for use in the manufacturing of wooden pencils. Defendant Shanghai Marco Stationery Co., Ltd. was a pencil manufacturer incorporated in China. On February 27, 1997, PVI entered into a distribution agreement ("Distribution Agreement") with defendant Shanghai Marco Stationery Co., Ltd., its subsidiaries and related companies, and Marco Trading Corporation[2] (collectively, "Shanghai Marco"), a related company having managerial control of, and common owners, as Shanghai Marco.

Under the Distribution Agreement, PVI agreed to provide Shanghai Marco with slat-making technology and technical assistance in the treatment of pencil slats, and to meet minimum annual sales quotas of Shanghai Marco's products through the life of the Distribution Agreement. In exchange, Shanghai Marco agreed to grant PVI the exclusive worldwide right to distribute wooden pencil slats and unfinished wooden pencils supplied by Shanghai Marco with certain enumerated exceptions. Shanghai Marco also promised to maintain sufficient inventory and supplies to enable it to fulfill PVI's orders, and to provide PVI with the lowest available prices and discounts, among other terms and conditions. The Distribution Agreement had an initial term of eight years, subject to PVI's option to renew the Distribution Agreement for additional, consecutive eight-year terms as long as PVI satisfied the minimum annual sales quota

---

[2] Since renamed to defendant Roberta Trading Corporation.

requirement.

PVI fully performed its obligations during the first eight-year term of the Distribution Agreement (1997-2005). On October 31, 1998, Shanghai Marco executed a certification stating that PVI had fully satisfied its obligation to provide technical assistance to Shanghai Marco. PVI also ordered sufficient quantities of product from Shanghai Marco during this initial eight-year term. Beginning in 2000, at Mr. Viegas's request, PVI placed orders not with Shanghai Marco itself, but with defendant Shanghai Lexon, and made payments for its orders to Shanghai Lexon and defendant Kenpark. Also starting in 2000, Mr. Viegas informed PVI that defendant Shanghai Lexon was assuming all of Shanghai Marco's obligations and responsibilities under the Distribution Agreement.

In 2005, PVI exercised its option to renew the Distribution Agreement for another eight-year term (2005-2013). By 2010, Shanghai Marco and Shanghai Lexon had assigned all interests and obligations under the Distribution Agreement to defendant Axus (together with Shanghai Lexon, the "Assignees"). During the second eight-year term, PVI ordered or attempted to order sufficient quantities of product from Shanghai Marco and the Assignees. Shanghai Marco and the Assignees, however, began breaching their obligations by, among other things, (i) refusing to make sufficient product available to fill PVI's orders; (ii) refusing to sell product to PVI at the lowest available prices and discounts; (iii) selling product directly to PVI's customers (or PVI's customer's customers) without PVI's consent; (iv) refusing to pay a required 2.5% sales commission in the event they made direct sales with PVI's permission; and (v) as to Axus, transferring its knowledge about the slat-making technology provided by PVI to multiple entities without PVI's permission and continuing to use this technology after Shanghai Marco and the Assignees had stopped performing under the Distribution Agreement.

Due to defendants' misconduct, PVI lost profits of approximately $20 million, lost the ability to enter into joint ventures with various third-parties, and ultimately went out of business. PVI brings the following claims against all defendants: (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; (iii) intentional interference with contract; and (iv) intentional interference with prospective economic advantage. PVI also asserts a claim for

trade secret misappropriation against Axus only. The Court has dismissed all claims against defendant Kenpark Ltd. for failure to state a claim, and has dismissed the intentional interference with contract and intentional interference with prospective economic advantage claims against defendant Roberta Trading Corporation for failure to state a claim. Plaintiff intends to file a motion for leave to file a second amended complaint re-asserting these dismissed claims.

### b. Defendants' Statement

Defendants dispute much of what the plaintiff cites as "facts" in its statement above. Shanghai Marco Stationery Co., Ltd. was a premier Chinese pencil manufacturer that supplied products to a number of leading pencil brands. In 1996, PVI, a small startup company with virtually no history in the pencil products industry, approached Shanghai Marco Stationery to propose that the companies collaborate in the supply and distribution of wooden slats used in the production of wood-cased pencils. On February 27, 1997, Shanghai Marco Stationery and Marco Trading Corporation (collectively, "Shanghai Marco") and PVI met in Shanghai, China to execute a distribution agreement to allow those parties to work together in distributing wooden slats. That was the only purpose of the agreement. The three entities executed the agreement through their respective corporate representatives. Peifeng Xu signed the agreement as "President" on behalf of Shanghai Marco Stationery, Andre Viegas signed as "President" on behalf of Marco Trading Corporation and Carlos Fairbanks signed as "President" on behalf of PVI. Shanghai Marco Stationery, Marco Trading Corporation (*see* footnote 1, *supra*) and PVI are the only parties to the distribution agreement.

The distribution agreement provided to PVI the exclusive right, subject to delineated exceptions, to distribute wooden pencil slats and unfinished wooden pencils manufactured and/or supplied by Shanghai Marco. The agreement did not apply to any other products or materials and specifically excluded finished pencils, which Shanghai Marco expressly remained free to sell to whomever it wished. In exchange for the right to distribute pencil slats and unfinished pencils, PVI promised, among other things, to use Shanghai Marco as its primary Chinese supplier for all products listed in the agreement, to provide "technical assistance" to Shanghai Marco "in the treatment of pencil slats, including chemical engineering, development of treatment solutions,

kiln drying and the selection and design of equipment relating to such processing," and to "assist in the installation, start-up, modification and general procedures relating to the operation of said treatment plant." (Dkt. 1-1 at 2-3.)

Contrary to the plaintiff's contentions above, PVI did not perform any of its obligations under the distribution agreement and it was PVI, rather than any of the defendants, that breached the agreement. Indeed, Shanghai Marco continuously supplied PVI with products pursuant to the requirements of the distribution agreement but PVI repeatedly failed to satisfy its minimum annual volume requirements and, ultimately, failed to engage in reasonable efforts to distribute Shanghai Marco's products, which was the primary benefit for which Shanghai Marco had bargained in the distribution agreement. And PVI never provided the technological assistance/support that it promised in the distribution agreement. While PVI alleges that Shanghai Marco breached the agreement by selling pencils to other Shanghai Marco customers, Shanghai Marco's sales of finished pencils to customers other than PVI are expressly excluded from the scope of the agreement. Moreover, Mr. Viegas never informed the plaintiff that Shanghai Lexon, or any other defendant, "was assuming all of Shanghai Marco's obligations and responsibilities" under the distribution agreement. Likewise inaccurate is the plaintiff's contention that, by 2010, Shanghai Marco and Shanghai Lexon had assigned all interests and obligations under agreement to defendant Axus Stationery (Shanghai) Ltd. ("Axus").

In addition to PVI's breaches of its obligations under the distribution agreement, Roberta Trading Corporation discovered that PVI and Mr. Fairbanks intentionally sought out business contacts and customers of Roberta Trading Corporation and Shanghai Marco and disseminated false, disparaging information to those contacts and customers regarding Roberta Trading Corporation, Shanghai Marco and their business in an effort to disrupt their professional relationships with those contacts and customers. PVI's and Mr. Fairbanks' conduct has damaged Roberta Trading Corporation's and Shanghai Marco's professional reputations and interfered with the business that they conduct, and/or their ability to conduct future business, with those contacts and customers. As a result of these facts, Roberta Trading Corporation has asserted counterclaims against PVI and Mr. Fairbanks, who are alter egos of one another, for breach of

contract, breach of the covenant of good faith and fair dealing implied in the distribution agreement and intentional interference with prospective economic advantage. Roberta Trading Corporation has also asserted a counterclaim against Mr. Fairbanks for intentional interference with contract. The facts adduced during discovery will support each of the facts stated herein.

**3. LEGAL ISSUES**

The principal legal issues in this case are:

a. Whether Plaintiff may serve the summons and complaint on the Non-Served Defendants through counsel of record for defendants Roberta Trading Corporation and Andre Viegas in this action.

b. Whether Mr. Viegas and Roberta Trading have adequately pleaded certain affirmative defenses in their Answer to Plaintiff's Amended Complaint.

c. Whether the Court has personal jurisdiction over the Non-Served Defendants and non-parties Axus Stationery (Hong Kong) Ltd., Highton Ltd., Howin Investments Ltd. and Noblesse (Hong Kong) Ltd.

d. Whether Plaintiff has adequately stated a claim against the Non-Served Defendants.

e. Whether the Court should grant Plaintiff's motion for leave to file a Second Amended Complaint re-asserting claims against several of the dismissed defendants.

f. Whether any defendant is liable for breach of the Distribution Agreement.

g. Whether any defendant is liable for breach of the implied covenant of good faith and fair dealing.

h. Whether any defendant is liable for intentional interference with contract.

i. Whether any defendant is liable for intentional interference with prospective economic advantage.

j. Whether defendant Axus Shanghai is liable for trade secret misappropriation.

k. Whether defendants are alter egos of each other.

1         l.      Whether Roberta Trading Corporation has adequately stated a counterclaim against Plaintiff.

m.      Whether finished pencils are excluded from the products encompassed by the distribution agreement.

n.      Whether PVI and Carlos Fairbanks are liable for breach of contract.

o.      Whether PVI and Carlos Fairbanks are liable for breach of the implied covenant of good faith and fair dealing.

p.      Whether PVI and Carlos Fairbanks are liable for intentional interference with prospective economic advantage.

q.      Whether Carlos Fairbanks is liable for intentional interference with contract.

r.      Whether PVI is an alter ego of Carlos Fairbanks.

**4.**     <u>**MOTIONS**</u>

The following motions have already been filed in this litigation:

a.      Specially Appearing Defendants' Motion to Extend Time to Respond to Complaint (Dkt. No. 35), which was denied on April 14, 2016. (Dkt. No. 43.)

b.      Plaintiff's Motion to Enlarge Time to Serve Summons and Complaint on Foreign Defendants (Dkt. No. 44), which was granted on April 27, 2016. (Dkt. No. 54.)

c.      Specially Appearing Defendants' Motion to Dismiss, Quash Service, and Strike. (Dkt. No. 47.) On June 7, 2016, the Court: (i) granted the motion to dismiss for lack of personal jurisdiction with leave to amend after a period of jurisdictional discovery; (ii) denied the motion to dismiss for failure to state a claim with leave to renew the motion after an amended complaint is filed; (iii) denied the motion to strike certain allegations in the complaint; (iv) granted without prejudice the motion to dismiss as to Mr. Viegas for insufficient service of process; (v) ordered that the jurisdictional discovery period shall close on August 31, 2016; and (vi) ordered Plaintiff to file its amended complaint no later than September 6, 2016. (Dkt. No. 72.)

1               d.      Plaintiff's Motion for Substituted Service on Defendant Andre Viegas
2    (Dkt. No. 75), which was granted on July 21, 2016.  (Dkt. No. 82.)
3               e.      Specially Appearing Defendants' Motion to Compel Jurisdictional
4    Discovery (Dkt. No. 89), which was denied on September 1, 2016.  (Dkt. No. 90.)
5               f.      Specially Appearing Defendants' Motion to Dismiss Amended Complaint,
6    (Dkt. 106), and Strike Declarations of Ronghua Liao and Julian Russell.  (Dkt. 128.)  On January
7    18, 2017, the Court:  (i) granted the motion to strike the declarations of Ronghua Liao and Julian
8    Russell, (ii) granted the motion to dismiss Axus Stationery (Hong Kong) Ltd., Highton Ltd.,
9    Howin Investments Ltd., and Noblesse (Hong Kong) Limited for lack of personal jurisdiction,
10   (iii) denied the motion to dismiss Roberta Trading Corporation, Andre Viegas, and Kenpark Ltd.
11   for lack of personal jurisdiction, (iv) granted the motion to dismiss Plaintiff's claims for breach of
12   contract and breach of the implied covenant against Kenpark Ltd. and Andre Viegas for failure to
13   state a claim, (v) granted the motion to dismiss Plaintiff's claims for intentional interference with
14   contract and intentional interference with prospective business advantage against Kenpark Ltd.
15   and Roberta Trading Corporation for failure to state a claim, (vi) denied Plaintiff's request for
16   leave to file another amended complaint and (vii) held that "Plaintiff may later file a motion for
17   leave to amend should further development of the record warrant such a request.".  (Dkt. 144.)
18              g.      Plaintiff's Motion to Dismiss Counterclaim (Dkt. No. 163), which became
19   moot on March 17, 2017 with the filing of the Amended Counterclaim.  (Dkt. 178.)
20       Plaintiff currently has a pending Motion for Substituted Service on Foreign Defendants.
21   (Dkt. 155.)  Defendants Roberta Trading Corporation and Andre Viegas have filed an opposition
22   to that motion.  (Dkt. 166.)  Plaintiff filed a reply brief (Dkt. No. 168) and the motion is fully
23   briefed.  The Court vacated the hearing on this motion and held that it is appropriate for decision
24   without oral argument.  (Dkt. 174.)
25       Plaintiff also has currently pending a Motion to Strike Affirmative Defenses.  (Dkt. 162.)
26   Defendants Roberta Trading Corporation and Andre Viegas have filed an opposition to that
27   motion.  (Dkt. 171.)  Plaintiff filed a reply brief (Dkt. No. 173), and the motion is fully briefed.
28   The Court vacated the hearing on this motion and held that it is appropriate for decision without

oral argument. (Dkt. 178.)

In addition, Plaintiff has currently pending a Motion to Dismiss Amended Counterclaim. (Dkt. 179.) Defendants intend to oppose the motion. The hearing on that motion is set for May 2, 2017.

Plaintiff anticipates that it will file a motion for leave to file a Second Amended Complaint. If a Second Amended Complaint is filed, the parties anticipate that certain defendants will file motion(s) to dismiss the Second Amended Complaint. The parties anticipate that discovery motions may be brought and that both parties will file motions for partial or complete summary judgment. *Daubert* motions may also be filed, depending on the parties' expert disclosures.

### 5. AMENDMENT OF PLEADINGS

The Court did not set a deadline for Plaintiff to file a motion for leave to file a Second Amended Complaint. Plaintiff proposes a deadline of May 16, 2017 for it to file a motion for leave to file a Second Amended Complaint.

### 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and are aware of and are taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

### 7. INITIAL DISCLOSURES

Pursuant to stipulation (Dkt. No. 61 at 1), Plaintiff and Axus Stationery (Hong Kong) Ltd., Highton Ltd., Kenpark Ltd., and Roberta Trading Corporation exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) on June 28, 2016. Roberta Trading Corporation and Andre Viegas intend to serve amended initial disclosures prior to the April 10 case management conference. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(D), following completion of service of the summons and the complaint on the remaining defendants and completion of service of the summons and counterclaim on Carlos Fairbanks, those parties will make their initial disclosures within 30 days after being served unless a different time is set

by stipulation or Court order.

## 8. DISCOVERY

During jurisdictional discovery, Plaintiff served interrogatories and document requests on Axus Stationery (Hong Kong) Ltd., Highton Ltd., Kenpark Ltd., Roberta Trading Corporation and Andre Viegas, and those defendants responded to these requests and produced documents. Plaintiff also took depositions of each of those corporate defendants and Andre Viegas. Before being dismissed from the case, Axus Stationery (Hong Kong) Ltd. served interrogatories, requests for admission and requests for production of documents on Plaintiff during jurisdictional discovery. Plaintiff produced over 19,000 pages of documents but responded with only objections to the majority of the discovery requests. The parties previously agreed that any depositions and interrogatories propounded for jurisdictional discovery would not count towards the limits on such discovery requests set by the Federal Rules of Civil Procedure.

Plaintiff has propounded merits-based interrogatories and document requests on Roberta Trading Corporation and Andre Viegas. Plaintiff also anticipates taking depositions of both defendants. Plaintiff also anticipates serving written discovery requests upon, and taking depositions of, the remaining defendants once they are served. Defendants anticipate serving written discovery on and taking depositions of Plaintiff and Mr. Fairbanks, once he is served. Defendants also anticipate taking depositions of and/or propounding written discovery on third parties, depending on development of the record. The parties do not anticipate requiring any additional phasing of discovery, or having discovery limited or focused on particular issues.

One particular discovery-related complication that Plaintiff foresees is the difficulty in scheduling depositions in mainland China, as Chinese law requires permission from the Central Authority (which is rarely granted). If the parties do not stipulate to having all depositions of Chinese witnesses take place in Hong Kong, or the Court does not issue an order compelling Defendants to appear in Hong Kong for depositions, then additional time will have to be built into the discovery schedule to allow Plaintiff to attempt to secure permission from the Central Authority to allow such depositions to take place in mainland China.

Another discovery issue that the parties have discussed and that may eventually need to be

addressed by the Court relates to Plaintiff's attempts to obtain discovery relating to five entities that have been dismissed from this case by the Court (Axus Stationery (Hong Kong) Ltd., Kenpark Ltd., Highton Ltd., Noblesse (Hong Kong) Ltd. and Howin Investments Ltd.) and the claims previously asserted against those entities, all of which were dismissed from the litigation on January 18, 2017. Defendants contend that such discovery is not permissible because information pertaining to those dismissed claims and dismissed parties is neither relevant nor proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b)(1).

The parties entered into a stipulated protective order on August 15, 2016. (Dkt. 87.)

At present, the parties do not foresee the need for a stipulated e-discovery order. The parties do not presently foresee the need for any modification or limitation of the standard discovery rules, except as stated above. The parties' respective proposed schedules for completing discovery is presented in Section 17, *infra*.

### 9. CLASS ACTIONS

Not applicable.

### 10. RELATED CASES

To the parties' knowledge, there are no related cases in this district or before another court or administrative body.

### 11. RELIEF

Plaintiff seeks compensatory damages, consequential and special damages, punitive damages, restitution, and attorney's fees and costs. Plaintiff expects to present its computation of damages through its expert witness(es). At present, based on information known to it and without the benefit of expert opinion testimony, Plaintiff calculates that it has suffered damages of no less than $20 million resulting from Defendants' wrongful conduct, exclusive of any exemplary damages under Cal. Civ. Code § 3426.3(c) for its claim for trade secret misappropriation under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq*.

Roberta Trading Corporation expects to present its computation of damages through expert witness testimony. Based on information currently known to it, and without the benefit of expert testimony, Roberta Trading Corporation estimates that it has suffered damages of at least

$20 million resulting from wrongful conduct of Carlos Fairbanks and PVI.

**12. SETTLEMENT AND ADR**

Prior to the filing of this lawsuit, the parties participated in an unsuccessful alternative dispute resolution process, including a final mandatory mediation, required by the distribution agreement.

The parties have met and conferred regarding ADR possibilities, have filed their ADR Certifications and a Notice of Need for ADR Phone Conference, and participated in several ADR Phone Conferences. Other than a settlement conference before a magistrate judge, the parties do not anticipate that any further ADR efforts will be fruitful at this time, especially in light of the parties' earlier alternative dispute resolution efforts.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

On April 4, 2016, defendant Axus Stationery (Hong Kong) Ltd. declined to have a United States Magistrate Judge conduct all further proceedings in this case. (Dkt. No. 33.)

**14. OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**15. NARROWING OF ISSUES**

At this time, the parties have not identified any issues that can be narrowed.

**16. EXPEDITED TRIAL PROCEDURE**

The parties consider this matter to be inappropriate for Expedited Trial Procedure.

**17. SCHEDULING**

Given Plaintiff's position that Plaintiff's claims against Roberta Trading Corporation and Andre Viegas are intertwined with its claims against the Non-Served defendants (and the defendants Plaintiff will seek to add back through a Second Amended Complaint), Plaintiff does not think those claims could be severed in this action or that it would be productive to set a trial date until the remaining defendants are served. At the same time, Plaintiff believes that fact discovery should proceed with respect to Mr. Viegas and Roberta Trading Corporation (with a proposed cutoff date of March 30, 2018), in light of the uncertainty as to when the Non-Served

1 Defendants will be served and Plaintiff's belief that Mr. Viegas (who Plaintiff contends is central to all of Plaintiff's claims) and Roberta Trading Corporation (who signed the distribution agreement) are likely in possession of much of the information relevant to the parties' claims and defenses. Plaintiff suggests that once the remaining defendants are served, the parties submit proposed case schedules to the Court and have those schedules reflect whatever discovery and motion practice has already taken place.

Given that the Court has ordered the case to proceed at this time against two defendants and that the case has been pending for over one year following extensive jurisdictional discovery and in light of the fact that Roberta Trading Corporation has filed counterclaims against the plaintiff and Carlos Fairbanks, Roberta Trading and Mr. Viegas do not believe that it would be appropriate to further delay issuance of a case schedule with respect to those parties. At the beginning of the litigation, the defendants requested that the plaintiff stipulate to a stay of the litigation to avoid the very circumstances that the plaintiff complains of now -- having potentially different case schedules for different litigants -- but the plaintiff declined to so stipulate and forced a fraction of the named defendants to engage in substantial jurisdictional discovery and motion practice and to litigate the claims against them. In light of the procedural posture of the case and the efforts and resources already undertaken by the served litigants and the Court at the plaintiff's insistence, Roberta Trading Corporation and Mr. Viegas respectfully request that the Court issue a case schedule at this time to assist the parties in efficiently proceeding with the litigation. Roberta Trading Corporation and Mr. Viegas submit that, should further developments impact that schedule, the Court and the parties can consider whether to adjust the schedule at that time.

Should the Court decide to issue a schedule at this time, the parties respectfully suggest the following schedule based on the difficulties Defendants have experienced in the past from producing documents from mainland China[3]:

---

[3] During jurisdictional discovery, Plaintiff propounded document requests on June 6, 2016. Due to complications over the production of documents stored in mainland China and following meet and confer discussions between the parties during which Plaintiff specifically requested the

| Date | Event |
|---|---|
| May 16, 2017 | Deadline for Plaintiff to file a motion for leave to file a Second Amended Complaint. |
| June 27, 2017 | Hearing on Plaintiff's motion for leave to file a Second Amended Complaint. |
| July 11, 2017 | If Court grants Plaintiff's motion for leave to file a Second Amended Complaint, deadline for Plaintiff to file Second Amended Complaint. |
| August 1, 2017 | If Second Amended Complaint is filed, deadline for all defendants to file response to Second Amended Complaint. |
| March 30, 2018 | Close of fact discovery |
| April 4, 2018 | Initial expert disclosures due |
| May 4, 2018 | Rebuttal expert disclosures due |
| June 1, 2018 | Close of expert discovery |
| June 28, 2018 | Deadline to file dispositive and *Daubert* motions (Parties still obligated to first obtain leave to file motion for summary judgment and follow pre-filing conference requirements as stated in Standing Order). |
| July 26, 2018 | Deadline to file oppositions to dispositive and *Daubert* motions |
| August 9, 2018 | Deadline to file replies to dispositive and *Daubert* motions |
| August 23, 2018 | Hearing on dispositive and *Daubert* motions |
| October 19, 2018 | Pretrial conference |
| November 5, 2018 | First day of trial |

production of various categories of documents, the defendants produced 4,769 documents between October 25, 2016 and November 4, 2016 (in addition to the 451 documents they produced by August 31, 2016 – the close of the jurisdictional discovery period). The defendants maintained that their prior productions fully complied with their jurisdictional discovery obligations, but nevertheless agreed as a compromise to produce additional documents when, after the close of discovery, Plaintiff specifically requested that they continue producing certain categories of documents. It was Plaintiff's expectation that the defendants would produce only a few dozen documents, not nearly 5,000 new documents nearly five months after Plaintiff first propounded its RFPs.

Plaintiff also proposes the following schedule should the Court grant its Motion for Substituted Service on Foreign Defendants on or before the Case Management Conference:

| Date | Event |
|---|---|
| April 10, 2017 | Plaintiff is permitted to propound discovery on defendants Axus Stationery (Shanghai) Ltd., Shanghai Lexon, Shanghai Marco, and Peifeng "Brian" Xu. Counterclaimants permitted to propound discovery on Carlos Fairbanks. |
| July 11, 2017 | If Court denies Plainitff's motion for leave to file a Second Amended Complaint, deadline for defendants Axus Stationery (Shanghai) Ltd., Shanghai Lexon, Shanghai Marco and Peifeng "Brian" Xu to file response to First Amended Complaint. |

It is Defendants' position that, irrespective of how the Court rules on PVI's motion for substituted service on the Foreign Defendants, it would be premature and inappropriate to permit PVI to propound discovery on those defendants before they have had an opportunity to respond to the complaint and before the parties have litigated, and the Court has decided, whether the complaint is viable with respect to those defendants. Accordingly, Defendants do not believe it would be appropriate to permit PVI to begin propounding discovery on the Foreign Defendants as of April 10, 2017, which is three months before PVI's proposed deadline for those defendants to respond to any complaint.

**18. TRIAL**

Plaintiff and Defendant/Counterclaimant Roberta Trading Corporation have demanded a jury trial. Given the early stage of this litigation, the parties believe it is premature to estimate the length of the trial of this matter.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

All served parties have filed their Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

Plaintiff's Certification listed the following persons and entities: PVI; Carlos Fairbanks (Shareholder of PVI); Axus Stationary (Shanghai) Ltd. (Defendant); Axus Stationary (Hong Kong) Ltd. (Defendant); Shanghai Marco Stationary Co. Ltd. (Defendant); Shanghai Laikesheng Pen Material Co. Ltd. (Defendant); Peifeng Xu (Defendant); Andre Viegas (Defendant); Highton Ltd. (Defendant); Roberta Trading Corporation (Defendant); and Kenpark Ltd. (Defendant).

1 | (Dkt. No. 11.)

2 | The Specially Appearing Defendants' Certification listed the following persons and entities on behalf of Axus Stationery (Hong Kong) Ltd.: Beilin Investment (non-party); Yilin Investment (non-party); Chen Gao Chao (non-party); Wang Ding Li (non-party); and Yang Min (non-party). (Dkt. No. 69.) Highton Ltd., Roberta Trading Corporation and Kenpark Ltd. had no interested entities or persons to report other than the named parties. (*Id.*)

**20. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: August 3, 2017     GAW | POE LLP

By: /s/ Randolph Gaw
Randolph Gaw

Attorneys for Plaintiff Products and Ventures International

Dated: August 3, 2017     HOGAN LOVELLS US LLP

By: /s/ Mark C. Goodman
Mark C. Goodman

Attorneys for Defendants Roberta Trading Corporation, and Andre Viegas

**ATTESTATION OF SIGNATURE**

I attest under penalty of perjury under the laws of the United States of America that I have received the concurrence in the filing of this document from the listed signatories as required by Local Rule 5-1(i)(3).

Dated: August 3, 2017

By: /s/ Randolph Gaw
Randolph Gaw