United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PRODUCTS AND VENTURES INTERNATIONAL,**<br><br>Plaintiff**,**<br><br>vs.<br><br>**AXUS STATIONARY (SHANGHAI) LTD., ET AL.,**<br><br>Defendants**.** | CASE NO. 16-cv-00669-YGR<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 162 |

Plaintiff Products and Ventures International brings this action against defendants for alleged breaches of contract and tort claims relating to a wooden pencil distribution agreement. The Court previously granted in part defendants' motion to dismiss certain claims and parties from the litigation. (Dkt. No. 144.) Pursuant to such order, the following claims and parties remain at issue: (i) breach of contract and breach of the implied covenant of good faith and fair dealing against Roberta Trading Corporation; and (ii) intentional interference with contract and intentional interference with prospective economic advantage against Andre Viegas. (*Id.* at 2.)[1] As such, on February 1, 2017, the remaining defendants filed their answer to the amended complaint. (Dkt. No. 148.)

---

[1] Plaintiff is continuing its efforts to serve the following defendants that currently reside in the People's Republic of China: (i) Axus Stationery (Shanghai) Ltd. ("Axus Shanghai"); (ii) Shanghai Marco Stationery Co.; (iii) Shanghai Laikesheng Pen Material Co. Ltd. ("Shanghai Lexon"); and (iv) Brian Peifeng Xu. Service on these defendants is currently the subject of plaintiff's motion for substituted service, which remains pending. (Dkt. No. 155.) The Court shall issue an order on such motion separately.

Now before the Court is plaintiff's motion to strike certain affirmative defenses contained in defendants' answer, pursuant to Federal Rule of Civil Procedure 12(f). Having carefully reviewed the pleadings and the papers submitted on this motion, and for the reasons set forth more fully below, the Court **GRANTS IN PART** plaintiff's motion and strikes the ninth, tenth, eleventh, thirteenth, and fourteenth affirmative defenses without prejudice and the first, fifth, sixth, ninth, twelfth, and fifteenth affirmative defenses with prejudice.

**I. BACKGROUND**

The Court adopts the "Background" section in its order at Docket Number 144 on defendants' motion to dismiss, and adds the following facts and allegations relevant to the instant motion:

Defendants Roberta Trading and Andre Viegas filed their answer to the amended complaint on February 1, 2017. (Dkt. No. 59.) As part of such answer, defendants raised the following fifteen affirmative defenses: (i) failure to state a claim; (ii) dismissal of claims barred by court order; (iii) claims outside limitations period; (iv) lack of personal jurisdiction; (v) breach of contract by plaintiff; (vi) defendants' substantial compliance and/or compliance with contractual obligations; (vii) excuse, impossibility, or impracticability of performance as justification for non-performance; (viii) prevention of performance; (ix) termination of contract; (x) lack of consideration; (xi) failure to mitigate damages; (xii) no recovery of relief requested; (xiii) unclean hands, laches, estoppel, release, accord and satisfaction, setoff, and waiver; (xiv) fraud, fraud in the inducement, deceit and/or misrepresentation; and (xv) reservation of rights to assert additional defenses. (*Id.* at 59–61.)

Plaintiff seeks to strike all but the second and fourth of these affirmative defenses arguing that (i) the first, fifth, sixth, ninth, twelfth, and fifteenth "affirmative defenses" are not, in fact, affirmative defenses and (ii) the third, seventh, eighth, ninth, tenth, eleventh, thirteenth, and fourteenth fail to meet the pleading standards of Rule 8 and Rule 9(b) for defenses alleging fraud.

**II. LEGAL FRAMEWORK**

Federal Rule of Civil Procedure 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense

2

may be insufficient as a matter of pleading or a matter of law. *Security People, Inc. v. Classic Woodworking, LLC*, No. 04-CV-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citation omitted). What constitutes fair notice depends on the particular defense in question. *See Haskins v. Cherokee Grand Ave., LLC*, No. 11-CV-5142-YGR, 2012 WL 1110014, at *2 (N.D. Cal. Apr. 2, 2012). While a defense need not include extensive factual allegations in order to give fair notice, *see Security People, Inc.*, 2005 WL 645592, at *2, bare statements reciting mere legal conclusions may not be sufficient, *see CTF Development, Inc. v. Penta Hospitality, LLC*, No. 09-CV-2429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009).

To strike an affirmative defense, the moving party must demonstrate "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Cal. Dep't of Toxic Subst. Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (quoting *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)). "The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice." *Sands*, 902 F. Supp. at 1165. When considering a motion to strike, the Court "must view the pleadings in a light most favorable to the pleading party." *In re 2TheMart.com, Inc., Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Because motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent. *Sands*, 902 F. Supp. at 1165 ("Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike."). "Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party." *Haskins*, 2012 WL 1110014 at *3 (citing *Wyshak*, 607 F.2d at 826).

### III. DISCUSSION

#### A. Improper Affirmative Defenses

Plaintiff first argues that defendants' first, fifth, sixth, ninth, twelfth, and fifteenth affirmative defenses should be stricken because they are not actually affirmative defenses. "A

3

defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (holding that defendants did not waive certain defenses because the plaintiff bore the burden of proof on such elements and therefore defendant had no need to plead plaintiff's failure to meet such burden as an affirmative defense); *see Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173–74 (N.D. Cal. 2010) (striking certain "affirmative" defenses as redundant where defendant did not have the burden to prove such defenses, explaining that an "affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claims are proven" (quoting *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3 (6th Cir. 1997)).

The Court finds that plaintiff is correct as a technical matter that such defenses are not true affirmative defenses. As such, the Court **GRANTS** plaintiff's motion to strike the first, fifth, sixth, ninth, twelfth, and fifteenth affirmative defenses. However, the Court notes that it only does so in this context because it is already striking other affirmative defenses on substantive grounds as outlined below. Otherwise, the Court may have denied plaintiff's motion to strike these defenses because no prejudice would have resulted in retaining the same. With regard to the first, fifth, sixth, ninth, and twelfth defenses, plaintiff must still meet the elements of its claim regardless of whether defendants have pled such as affirmative defenses, and with regard to the fifteenth defense, defendants still retain the right to amend their pleadings consistent with Federal Rule of Civil Procedure 15(a). *See, e.g.*, *Gilmore v. Liberty Life Assurance Co. of Boston*, No. 13-CV-178-PJH, 2013 WL 12147724, at *1 (N.D. Cal. Apr. 19, 2013) (denying motion to strike certain defenses because no prejudice would result); *Savage v. Citibank N.A.*, No. 14-CV-3633-BLF, 2015 WL 4880858, at *4 (N.D. Cal. Aug. 14, 2015) ("All of these defenses are redundant and not true affirmative defenses. However, such defenses should come as no surprise to Plaintiff as they are all different ways of saying he cannot prove his case. Whether that is true shall be borne out in discovery and at trial, but there is no prejudice to Plaintiff from maintaining such defenses in the pleadings.")

4

**B. Inadequately Pled Affirmative Defenses**

**1. Pleading Standards for Affirmative Defenses**

As an initial matter, the parties disagree as to the pleading standard applicable to affirmative defenses in federal court. The courts in the Ninth Circuit are currently split as to whether the Ninth Circuit's decision in *Kohler v. Flava Enterprises, Inc.*, 779 F. 3d 1016 (9th Cir. 2015) announced a new, lesser pleading standard for affirmative defenses. *See Murphy v. Trader Joe's*, No. 16-CV-2222-SI, 2017 WL 235193, at *1–2 (N.D. Cal. Jan. 19, 2017). Prior to *Kohler*, the district courts generally agreed that the *Twombly/Iqbal* pleading standard applied to affirmative defenses. *Id.* In *Kohler*, however, the Ninth Circuit held that a certain defense was not waived because plaintiff had "fair notice" of such defense, which is all the pleading standard required. *Kohler*, 779 F.3d at 1019. *Kohler*'s use of "fair notice" in passing prompted many district courts to reconsider the application of *Twombly/Iqbal* on pleading affirmative defenses. *See Murphy*, 2017 WL 235193, at *1–2. The courts in this district have continued to apply *Twombly/Iqbal* in such circumstances because *Kohler* did not specifically address such issue. *See id.* Absent controlling authority to the contrary, this Court joins its sister courts in this district in continuing to apply such standard here. Thus, in pleading its affirmative defenses, a party must state "enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility." *Dion v. Fulton Friedman & Gullace LLP*, No. 11-CV-2727-SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012). This standard does not require "extensive factual allegations," but "bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-3323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012).

**2. Analysis**

First, with regard to defendants' third, ninth, and eleventh affirmative defenses, plaintiff argues that defendants have not alleged any facts to support such defenses. Second, with regard to the seventh, eighth, tenth, thirteenth, and fourteenth affirmative defenses, plaintiff argues that the same should be dismissed because there are no plausible bases for raising such as affirmative defenses. The Court addresses each.

**Third Affirmative Defense**: Defendants' third affirmative defense is thus: "Plaintiff's claims are barred, in whole or in part, by the four-year statute of limitations applicable to claims for breach of contract and breach of the implied covenant of good faith and fair dealing and the two-year statute of limitations applicable to claims for intentional interference with contract and intentional interference with prospective economic advantage." (Answer at 58.) Plaintiff argues that defendants have failed to plead such defense adequately because they neither cited a particular statute nor referenced particular dates. *See Murphy*, 2007 WL 235193, at *3. Defendant counters that, although they did not cite the exact statute, they have pled the length of the applicable statute of limitations periods. *See Zody v. Microsoft Corp.*, No. 12-CV-942-YGR, 2017 WL 2468250, at *8 (N.D. Cal. June 7, 2013) (finding that defendant "must specify the statute of limitation allegedly barring Plaintiff's claims, or the length of the limitation period"). Additionally, defendants argue that they cannot plead such defense with more specificity because plaintiff's complaint is "devoid of any specific allegations of when the conduct purportedly giving rise to the claims occurred." (Dkt. No. 171 at 11.) The Court agrees and finds that the third affirmative defense is adequately pled. *See Miller v. Ghirardelli Choc. Co.*, No. 12-CV-4936-LB, 2013 WL 3153388, at *7 (N.D. Cal. June 19, 2013) (denying motion to strike and explaining that the answer should be "viewed in the context of the complaint" and finding that together with the complaint, there is "fair notice of the defenses"). Accordingly, the Court **DENIES** plaintiff's motion to strike the same.

**Seventh Affirmative Defense:** Defendants raise the defenses of excuse, impossibility, or impracticability of performance alleging that their performance under the contract could not be completed due to "the lack of availability of raw materials relating to the products encompassed" by the agreement. (Answer at 59.) Plaintiff argues that such lacks sufficient specificity including when the lack of availability occurred, how long it lasted, what raw materials were at issue, what duties defendants were excused for performing, and what was the impact of such lack of availability. Such level of specificity is not required by Rule 8(a) or the heightened *Twombly/Iqbal* pleading standards. Here, defendants have alleged that there was a lack of raw materials for pencil production and that such circumstance should excuse their non-performance

6

under the contract. Such is sufficient to survive a motion to strike. Accordingly, the Court **DENIES** plaintiff's motion to strike the seventh affirmative defense.

**Eighth Affirmative Defense**: In this defense, defendants argue that plaintiff prevented them from performing under the contract by "failing to reasonably forecast product distribution needs and by failing to engage in adequate business planning." (Answer at 60.) Defendants argue that such pleading is sufficient, particularly in light of the contract's terms, which required plaintiff to provide defendants with sales projections on a timely basis. (*See* Dkt. No. 100-1 at § 8.c.) The Court agrees, and, thus, **DENIES** plaintiff's motion to strike the eighth affirmative defense.

**Ninth Affirmative Defense**: Defendants raise this defense alleging that the contract was terminated "according to its terms prior to the alleged breach by the defendants." (Answer at 59.) Defendants argue that such is sufficient, given that the contract itself describes the conditions under which the contract would be terminated. (*See* Dkt. No. 100-1 at § 12.) With regard to this defense, the Court finds that defendants' allegations are insufficient. Defendants must allege facts sufficient to apprise plaintiff of what events gave rise to the termination of the contract. Accordingly, the Court **GRANTS** plaintiff's motion to strike defendant's ninth affirmative defense with leave to amend.

**Tenth Affirmative Defense:** This defense provides thus: "Plaintiff's claims are barred, in whole or in part, because, to the extent [plaintiff's complaint] alleges that defendants have an obligation for which full performance has not been rendered or excused, there has been a failure of consideration, including, but not limited to, because the plaintiff's purported technical assistance was publicly known and of no value." (Answer at 59.) Plaintiff's argument in support of its motion to strike this affirmative defense is that under California law, even "peppercorn" consideration is sufficient to uphold a contract. Such argument appears to pertain to the merits of the defense, and would, therefore, not be appropriate to consider at this stage. However, the Court finds that further clarity on this affirmative defense would be beneficial to the Court and to all parties. Accordingly, the Court **GRANTS** plaintiff's motion to strike defendant's tenth affirmative defense with leave to amend.

**Eleventh Affirmative Defense**: Defendants' eleventh affirmative defense is that plaintiff has failed to mitigate its damages. Plaintiff argues that defendant has alleged no facts in support of this position. Defendant counters that several courts have held that, "where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts." *Ganley v. Cty. of San Mateo*, No. 09-CV-3923-TEH, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007) (citing cases). Plaintiff argues, however, that *Ganley* was decided before *Twombly* and *Iqbal*, and is, thus, inapposite. *See J&J Sports Prods., Inc. v. Mendoza-Govan*, No. 10-CV-5123-WHA, 2011 WL 1544886, at *4 (N.D. Cal. Apr. 25, 2011) (finding *Ganley* inapposite in light of *Twombly* and granting motion to strike affirmative defense). The Court agrees with plaintiff. Defendants must plead facts sufficient to establish the applicability of such affirmative defense. Accordingly, the Court **GRANTS** plaintiff's motion to strike defendants' eleventh affirmative defense with leave to amend. To the extent that defendants require discovery to plead the same, defendants may file a motion for leave to amend their pleadings at a later date.

**Thirteenth Affirmative Defense:** In this affirmative defense, defendants raise the defenses of unclean hands, laches, estoppel, release, accord and satisfaction, setoff, and waiver "as a result of the plaintiff's failure to comply with the obligations set forth in the [contract] and its own misappropriation of trade secrets." Plaintiff argues that such allegations are insufficient. The Court agrees. Such does not meet the *Twombly/Iqbal* pleading standards, as they lack any facts to support defendants' conclusory allegations. Accordingly, the Court **GRANTS** plaintiff's motion to strike defendants' thirteenth affirmative defense with leave to amend.

**Fourteenth Affirmative Defense:** Finally, plaintiff challenges defendants' fourteenth affirmative defense which provides: "Plaintiff's claims are barred, in whole or in part, because all or part of the [contract] resulted from fraud, deceit or misrepresentation by the plaintiff and/or its representatives, including, but not limited to, misrepresentations that the plaintiff could provide technical assistance and that it had the means and capacity and would undertake reasonable efforts to satisfy its sales obligations under the [contract]." (Answer at 60.) Defendants concede that Rule 9(b) pleading standards apply to affirmative defenses that sound in fraud or mistake. Rule 9(b) requires that a party plead the "who, what, when, where, and how" of the allegedly fraudulent

8

acts. Fed. R. Civ. P. 9(b). In light of this, the Court finds that defendants have failed adequately to plead their fourteenth affirmative defense. Accordingly, the Court **GRANTS** plaintiff's motion to strike defendants' fourteenth affirmative defense with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** plaintiff's motion as follows: The Court **DISMISSES WITHOUT PREJUDICE** defendants' ninth, tenth, eleventh, thirteenth, and fourteenth affirmative defenses and **DISMISSES WITH PREJUDICE** the first, fifth, sixth, ninth, twelfth, and fifteenth affirmative defenses. Within fourteen (14) days of this Order, defendants must file an amended answer to plaintiff's amended complaint. Plaintiff's response, if necessary, must be filed fourteen (14) days thereafter.

This Order terminates Docket Number 162.

**IT IS SO ORDERED.**

Dated: April 11, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**