**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PRODUCTS AND VENTURES INTERNATIONAL,** | CASE NO. 16-cv-00669-YGR |
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE ON FOREIGN DEFENDANTS** |
| **AXUS STATIONARY (SHANGHAI) LTD., ET AL.,** | Re: Dkt. No. 155 |
| Defendants. | |

Plaintiff brings this action against defendants alleging breach of contract and tort claims relating to a wooden pencil distribution agreement. Currently, plaintiff has served the following defendants: Axus Stationery (Hong Kong) Ltd. ("Axus HK"), Andre Viegas, Highton Ltd., Roberta Trading Corporation, Kenpark Ltd., Howin Investments Ltd., and Noblesse (Hong Kong) Limited (collectively, the "Served Defendants"). On January 18, 2017, the Court granted in part defendants' motion to dismiss, dismissing all claims against Axus HK, Highton Ltd., Kenpark Ltd., Howin Investments Ltd., and Noblesse (Hong Kong) Limited. Currently, the litigation is proceeding against Andre Viegas and Roberta Trading Corporation only.

Plaintiff is continuing its efforts to serve four other defendants, who are located in the People's Republic of China ("PRC"), namely: Shanghai Marco Stationery Co. Ltd. ("Shanghai Marco"), Axus Stationery (Shanghai) Ltd. ("Axus Shanghai"), Shanghai Laikesheng Pen Material Co. Ltd. DBA Shanghai Lexon ("Shanghai Lexon") and Peifeng (Brian) Xu (collectively, "Foreign Defendants"). After eleven months of attempting to serve the Foreign Defendants via the processes set forth under the Hague Convention, plaintiff now moves for substituted service under Rule 4(f)(3), seeking to perfect service on the Foreign Defendants through Hogan Lovells, LLP.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Having carefully considered the papers submitted and for the reasons set forth below, the Court **GRANTS** Plaintiff's motion to effectuate service on the Foreign Defendants through Hogan Lovells, LLP.

**I.     BACKGROUND**

The Court adopts the background section in its order on defendants' motion to dismiss (Dkt. No. 144), and adds the following facts and procedural history relevant to the instant motion:

Plaintiff filed its initial complaint in February 2016. (Dkt. No. 1.) In April 2016, the Court granted plaintiff's Motion to Enlarge Time to Serve Foreign Defendants under Fed. R. Civ. P. 4(m) and 6(b)(1), given plaintiff's diligent efforts to effect service on the Foreign Defendants through the Hague Convention. (Dkt. No. 54.) Since then, the Court has granted five stipulations extending plaintiff's time to serve Foreign Defendants. (Dkt. Nos. 85, 105, 138, 152, 184.)

The Court dismissed the complaint for lack of personal jurisdiction in June 2016, but granted leave to amend and provided a period for jurisdictional discovery. (Dkt. No. 72.) In July 2016, the Court authorized substituted service on Viegas to be effected through Hogan Lovells, Viegas' counsel, based in the United States. (Dkt. No. 82.) Plaintiff filed its amended complaint on September 19, 2016. (Dkt. No. 100.) Defendants again filed a motion to dismiss, and the Court dismissed all parties and all claims except for Counts One and Two against Roberta Trading Corporation, breach of contract and of the implied covenant of good faith and fair dealing, and Counts Three and Four against Viegas, intentional interference with contract and with prospective economic advantage. (Dkt. No. 144.)

With regard to the Foreign Defendants, plaintiff has updated the Court five times between May 2016 and March 2017 with its efforts to effectuate service. (Dkt. Nos. 65, 95, 120, 141, 170.) Plaintiff retained Harris Bricken LLP, a law firm with experience in serving defendants through the Hague Convention, and on May 12, 2016, plaintiff submitted the necessary documents for service to the Ministry of Justice ("MOJ") of the PRC. On May 19, 2016, a representative of the MOJ confirmed receipt of plaintiff's service documents and stated that those documents would be transferred to the Supreme People's Court. (Dkt. No. 65.) Plaintiff further avers that Harris Bricken had confirmed that the MOJ forwarded plaintiff's service documents to the Supreme

United States District Court
Northern District of California

2

People's Court on May 23, 2016, but that the MOJ does not keep track of the documents once they have been forwarded to the Supreme People's Court. (Dkt. No. 170.) As of March 2017, the MOJ had no substantive updates on service of the Foreign Defendants. (*Id.*) According to Harris Bricken, service through these means has more recently been taking up to eighteen months to complete, and in some cases years. (*Id.*) To date, plaintiff has spent eleven months attempting to effectuate service on Foreign Defendants through the Hague Convention.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) provides that service upon an individual in a foreign country may be perfected by any "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4 (f)(3). The Ninth Circuit has held thus with regard to court-ordered service pursuant to Rule 4(f)(3):

> By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2). Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction "or." Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (internal citations omitted). The Ninth Circuit further explained that a plaintiff need only "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention," and that court-ordered service is "neither a 'last resort' nor 'extraordinary relief.'" *Id.* at 1015–16. Ultimately, the Court has discretion to determine whether alternative service of process is required. *Id.*

Here, service of process between parties in the United States and the PRC is governed by the Hague Convention. Fed. R. Civ. P. 4(f)(1); *see Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); *see also Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004). Courts have held that the Hague Convention does not prohibit service on a foreign defendant through counsel based in the United States. *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565

3

(C.D. Cal. 2012); *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011); *In re LDK Solar Sec. Litig.*, No. 07-CV-05182-WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. 11-CV-9495-PSG, 2012 WL 5992134, at *3 (C.D. Cal. Nov. 30, 2012); *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512-DLC, 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007). Specifically, courts have allowed service "upon a foreign defendant's United States-based counsel" to prevent further delays in litigation. *Richmond Techs.*, 2011 WL 2607158, at *13; *Brown*, 285 F.R.D. at 566. However, any alternative method of service must meet the requirements of due process in that it must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see Rio Props.*, 284 F.3d at 1016 ("Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process").

**III. DISCUSSION**

In light of the discussion above, the Court has the discretion to allow an alternative method of service upon Foreign Defendants if (a) specific facts and circumstances regarding the Foreign Defendants warrant the use of an alternative method and (b) such method comports with due process and is not otherwise prohibited.

**A. Facts and Circumstances Warrant Substituted Service**

Defendants argue that the facts and circumstances do not warrant substituted service on the Foreign Defendants because there are no "similar facts or circumstances" to those that led the Court to authorize substituted service on Viegas.[1] (Dkt. No. 166.) The Court did indeed grant substituted service on Viegas because he was uniquely situated, namely that he was a United

---

[1] Defendants also argue that plaintiff is using substituted service in an attempt to circumvent the Hague Convention. Defendants do not persuade. Plaintiff's diligent efforts to serve Foreign Defendants through the Hague Convention for the past eleven months undermines defendants' implication that plaintiff is attempting to circumvent such process.

Defendants further argue that service on Foreign Defendants would be futile due to lack of personal jurisdiction. This argument, however, is outside the scope of this motion.

States citizen.[2] However, Viegas is similarly situated to the Foreign Defendants in the following ways: Like Viegas, Xu allegedly has significant ownership of most if not all the corporations at issue, and also signed the contract at issue on behalf of Shanghai Marco. (Dkt. No. 100-1 at 11.) Axus Shanghai and Shanghai Lexon, while not signatories to the contract, are the alleged assignees of the same and are alleged to have participated actively in the performance of the contract.

Furthermore, since the Court approved substituted service on Viegas, this case has gone through multiple rounds of motions to dismiss, which included jurisdictional discovery. Nine months have passed since this Court's order for substituted service on Viegas, and plaintiff has now been attempting service through the authorized channels for eleven months. *See Brown*, 285 F.R.D. at 563 (delays of four to six months warranted substituted service); *Richmond Techs.*, 2011 WL 2607158 at *11−12 (delays of six to eight months warranted substituted service even where plaintiff did not first attempt to complete service through the Hague Convention); *Morningstar v. Dejun*, No. 11-CV-00655-DDP, 2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013) (delays of over a year warranted substituted service).

Plaintiff has made good faith efforts to serve Foreign Defendants though the Hague Convention. Plaintiff has translated all service documents and retained a law firm experienced in serving defendants through the Hague Convention to assist with service. (Dkt. No. 156.) In May 2016, plaintiff submitted the necessary documents for service to the MOJ pursuant to the Hague Convention and received a confirmation that the documents had been received. (*Id.*) Service through the Hague Convention has not been completed after eleven months, and plaintiff believes it may take eighteen months or longer to complete. (Dkt. No. 170.) No legitimate reason exists to

---

[2] Defendants further argue that substituted service is not appropriate for Foreign Defendants because unlike with Viegas, plaintiff did not allege that Foreign Defendants are attempting to evade service of process. This argument is unpersuasive. There is no need to show that a defendant must try to evade service to be subject to substituted service. The Ninth Circuit has held only that "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props.*, 284 F.3d at 1014. Additionally, plaintiff has argued that Foreign Defendants are trying to evade service or at the very least make it difficult in order to prevent recovery. (Dkt. No. 168.)

1    delay further the litigation as to the Foreign Defendants for potentially another seven months or

2    more while plaintiff prosecutes the same claims against the two served defendants.  A two-track

3    litigation has potential to create inefficiencies and to prejudice plaintiff, as the Foreign Defendants

4    likely maintain key documents to the case.  Thus, the facts and circumstances have evolved over

5    the last nine months, creating the need for substituted service to proceed with the instant litigation

6    efficiently.

7         **B.      Service on Hogan Lovells Comports With Due Process**

8              As discussed above, courts have found that the Hague Convention does not prohibit

9    service upon counsel based in the United States, and therefore, can serve as an acceptable form of

10   service under Rule 4(f)(3).  Thus, the Court need only address whether service upon Hogan

11   Lovells here comports with the requirements of due process.

12             The crux of the Foreign Defendants' arguments in this regard is that Hogan Lovells does

13   not represent said defendants in this litigation.  As an initial matter, Hogan Lovells' position that it

14   does not currently and has not in the past represented the Foreign Defendants in this litigation is

15   inconsistent with prior actions.  Since 2015, Hogan Lovells has consistently represented that they

16   are not authorized to accept service on behalf of any of the Foreign Defendants. (Dkt. Nos. 167-1,

17   167-2.)  By contrast, only in February 2017—the same month plaintiff filed the instant motion—

18   did Hogan Lovells claim it did not *represent* Foreign Defendants. (Dkt Nos. 167-3, 167-4.)  In

19   fact, in some documents, Hogan Lovells refers to some of the Foreign Defendants as its clients.

20   (Dkt. No. 156-2 ("As you are aware, we represent Axus Stationary (Shanghai) Ltd. . . . ."); Dkt.

21   No. 127-3 ("[O]ur clients are located in the People's Republic of China . . . .").)

22             In any event, whether Hogan Lovells technically represents the Foreign Defendants is of

23   no moment.  Due process requires only that service through Hogan Lovells be "reasonably

24   calculated" to apprise the Foreign Defendants of the pendency of this action. *Mullane*, 339 U.S. at

25   315; *Rio Props.*, 284 F.3d at 1017.  Service upon a foreign defendant's counsel based in the

26   United States is a common form of substituted service under Rule 4(f)(3) and it comports with due

27   process. *Richmond Techs.*, 2011 WL 2607158 at *13 ("Service upon a foreign defendant's United

28   States-based counsel is a common form of service ordered under Rule 4(f)(3)"); *In re TFT-LCD*

6

*(Flat Panel) Antitrust Litig.*, No. 10-CV-04945-SI, 2011 WL 845882, at \*3 (N.D. Cal. Mar. 8, 2011) (finding that "service on [defendant] through its U.S. counsel comports with due process"); *Vanleeuwen*, 2012 WL 5992134 at \*3 (same). Courts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants. *Brown*, 285 F.R.D. at 565–66 ("Due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf."); *see also Feyko v. Yuhe Int'l, Inc.*, No. 11-CV-5511-DDP, 2013 WL 5142362, at \*2 (C.D. Cal. Sept. 12, 2013) (citing *LDK Solar*, 2008 WL 2415186, at \*3).

Here, Hogan Lovells' close connection to the Foreign Defendants would render substituted service on the Foreign Defendants through Hogan Lovells as "reasonably calculated" to provide the same with sufficient notice of the action and an opportunity to object.[3] Hogan Lovells appears to be aware of the Foreign Defendants' legal positions, has made legal arguments, and has taken legal action on behalf of all Foreign Defendants. Specifically:

- Hogan Lovells agreed to a thirty-day extension of time for "all defendants" to respond to the complaint and represented that "[n]o defendant is waiving the requirement of service." (Dkt. No. 156-1.) Similarly, Hogan Lovells requested a consolidated deadline for "all defendants named in this lawsuit to respond to the complaint." (Dkt. No. 35.)
- Hogan Lovells has made previous representations that its "clients are located in the People's Republic of China." (Dkt. No. 127-3.) Only Viegas and the Foreign Defendants are located in the PRC.
- Hogan Lovells has indicated that they have traveled to Shanghai to review data located in the PRC in response to discovery requests. (Dkt. Nos. 127-3, 166.)
- Defendant Xu has been deposed and has actual notice of this action. (*See* Dkt. No. 118-5.) The fact that he was not deposed in an individual capacity has no bearing as to notice. Additionally, defendants Xu and Viegas have made representations indicating

---

[3] Defendants cite two district cases in support of their position that allowing substituted service on them would violate due process because they do not formally represent Foreign Defendants in this litigation. However, both cases are inapposite and therefore do not persuade. *See Tatung Co. Ltd. v. Hsu*, No. 13-CV-1743-DOC, 2015 WL 11089492, at \*3 (C.D. Cal. May 18, 2015) (finding no indication that counsel had been involved in the litigation on behalf of defendants and that service by email was more reasonably calculated to inform defendants of the action); *Martinez v. Aero Caribbean*, No. 11-CV-03194-WHA, 2014 WL 309589, at \*3–4 (N.D. Cal. Jan. 28, 2014) (finding that counsel was not reasonably calculated to inform defendants of the action and plaintiffs had not attempted service through the Montreal Convention).

significant ownership of Shanghai Marco and Shanghai Lexon. (Dkt. Nos. 116-23, 116-28.)

- Hogan Lovells previously indicated to plaintiff that they represent Axus Shanghai in this matter (Dkt. 156-2), although they currently express that this representation does not accurately reflect the current relationship between Hogan Lovells and Axus Shanghai. (Dkt. Nos. 156-5, 166.) Regardless of the current relationship, Hogan Lovells has a close connection with Axus Shanghai, making it reasonably calculated that they would provide Axus Shanghai notice of this action. Furthermore, Xu and served-defendant Viegas have made representations that they partially owned Axus Shanghai. (Dkt. Nos. 106-1, 116-23, 116-39.)

In light of this background and Hogan Lovell's relationship with the Foreign Defendants, the Court finds that allowing substituted service here would not violate the dictates of due process.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for substituted service is **GRANTED**. The Court **AUTHORIZES** substituted service on the Foreign Defendants through Hogan Lovells. The Foreign Defendants need not respond until after the Court rules on plaintiff's motion for leave to file a Second Amended Complaint.

The Court further **SETS** the following schedule regarding plaintiff's intended motion for leave to file a Second Amended Complaint: Plaintiff's motion for leave to file a Second Amended Complaint must be filed by **May 16, 2017.** Defendants shall file their opposition by **May 30, 2017**. Plaintiff shall file its reply by **June 6, 2017.** After briefing is complete, the Court may set a hearing date, if necessary. Otherwise, the Court will issue on order based on the parties' submissions.

This Order terminates Docket Number 155.

**IT IS SO ORDERED.**

Dated: April 11, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**