# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **PRODUCTS AND VENTURES INTERNATIONAL,**<br><br>             Plaintiff,<br><br>    vs.<br><br>**AXUS STATIONARY (SHANGHAI) LTD., ET AL.,**<br><br>             Defendants. | CASE NO.  16-cv-00669-YGR<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 195 |
| **ROBERTA TRADING CORPORATION,**<br><br>             Counterclaimant,<br><br>    vs.<br><br>**PRODUCTS AND VENTURES INTERNATIONAL; AND CARLOS FAIRBANKS**<br><br>Counterclaim Defendants. | |

Plaintiff Products and Ventures International brings this action against defendants[1] for alleged breaches of contract and tort claims relating to a wooden pencil distribution agreement. The Court previously dismissed the complaint for lack of personal jurisdiction, but granted leave to amend and provided a period for jurisdictional discovery.  (Dkt. No. 72.)  Plaintiff filed its amended complaint on September 19, 2016 (Dkt. No. 100, "FAC"), and defendants again brought a motion to dismiss.  The Court granted in part and denied in part defendants' motion, dismissing defendants Axus HK, Highton, Howin, and Noblesse for lack of personal jurisdiction, and dismissing Counts One and Two against Kenpark and Mr. Viegas and Counts Three and Four

---

[1]  The defendants in this action are as follows:  Axus Stationery (Hong Kong) Ltd. ("Axus HK"); Andrew Viegas, Highton Ltd.; Roberta Trading Corporation; Kenpark Ltd.; Howin Investments Ltd.; Noblesse (Hong Kong) Limited; Axus Stationery (Shanghai) Ltd. ("Axus Shanghai"); Shanghai Marco Stationery Co.; Shanghai Laikesheng Pen Material Co. Ltd. ("Shanghai Lexon"), and Brian Peifeng Xu.

against Kenpark and Roberta Trading for failure to state a claim. (Dkt. No. 144 at 2.) As such, the only remaining claims were Counts One and Two against Roberta Trading and Counts Three and Four against Viegas.[2] The Court denied plaintiff's request for leave to amend, but permitted plaintiff to file a later motion for leave to amend should further development of the record warrant such request, due to several thousands of documents produced after the close of jurisdictional discovery.

Currently before the Court is plaintiff's motion for leave to file a second amended complaint, which plaintiff claims is based on its review of late-produced documents. (Dkt. No. 195.) Specifically, plaintiff seeks to amend the complaint as follows: (i) re-allege claims against the defendants dismissed for lack of personal jurisdiction based on new documents refining plaintiff's theory of alter ego liability; (ii) re-allege claims dismissed for failure to state a claim; and (iii) add a claim for fraudulent transfer against Kenpark and Shanghai Marco and a claim for civil conspiracy against Kenpark.

Having carefully reviewed the pleadings, the proposed second amended complaint, and the papers and exhibits submitted on this motion, and for the reasons set forth more fully below, the Court **GRANTS IN PART** plaintiff's motion for leave to file a second amended complaint, as described herein.[3]

I. **LEGAL FRAMEWORK**

Under the Federal Rules of Civil Procedure, courts are to grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion."

---

[2] Since the Court's order on the motion to dismiss, defendants in the People's Republic of China, namely Axus Shanghai, Shanghai Marco, Shanghai Lexon, and Mr. Xu (collectively, the "PRC Defendants"), have been served.

[3] The Court adopts the Background in its order on defendants' motion to dismiss, dated January 18, 2017 (Dkt. No. 144 at 2–4), and adds facts and allegations relevant to the instant motion, as necessary.

*Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). That said, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

The Court weighs the following factors in ruling on a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the movant has previously amended its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Of these factors, "the consideration of prejudice to the opposing party [ ] carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment . . . .'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman*, 371 U.S. at 182). Ordinarily, however, "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

## II. DISCUSSION

Plaintiff seeks leave to file a second amended complaint essentially to include three categories of allegations and claims: (i) re-allege claims against the defendants dismissed for lack of personal jurisdiction based on new documents refining plaintiff's theory of alter ego liability; (ii) re-allege claims dismissed for failure to state a claim; and (iii) allege additional claims for fraudulent transfer against Kenpark and Shanghai Marco and for civil conspiracy against Kenpark. The Court addresses each category separately, below.

### A. Claims Against Defendants Dismissed for Lack of Personal Jurisdiction

The Court previously dismissed defendants Axus HK, Highton, Howin, and Noblesse for lack of personal jurisdiction. Plaintiff argued that these companies should be subject to personal jurisdiction here based on an alter ego theory. A plaintiff must make a *prima facie* showing that the following criteria are met to survive a Rule 12(b)(2) motion on an alter ego theory: (1) treating

the corporations as separate entities would result in inequity or injustice; and (2) a unity of interest and ownership between the corporations such that their separate personalities do not actually exist. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (citing *Doe v. Unocal*, 248 F.3d 914, 926 (9th Cir. 2001)). The Court found that plaintiff failed to satisfy the "inequity or injustice" prong of the test. Specifically, the Court explained that difficulty in enforcing a judgment or collecting a debt does not alone satisfy the requirement of an inequitable act. *See Axon Sols., Inc. v. San Diego Data Processing Corp.*, No. 09-CV-2543-JM, 2010 WL 1797028, at *2–3 (S.D. Cal. May 4, 2010) (applying alter ego theory based on allegation that the city intended to dissolve an agency to "avoid [wrongfully] liability for the monies owed to [plaintiff]"); *see also Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1249 (1991) (applying alter ego where there was "substantial evidence to support that [defendants] formed a single enterprise *for the purpose* of committing a continuing fraud against buyers" (emphasis supplied)).

Plaintiff has proposed new allegations, which it claims demonstrates that Viegas and Xu have actively sought to avoid liability and potential judgment by repeatedly transferring assets among the various corporate defendants. For instance, plaintiff seeks to allege that after Viegas expressed concerns about plaintiff's incipient lawsuit in 2014, he began to transfer approximately $1.5 million in assets from Shanghai Marco to Kenpark, which then distributed this money to other corporate defendants, including Highton and Axus HK. (*See* Dkt. No. 195-2 ¶¶ 164, 260–62.) Additionally, plaintiff seeks to allege that many of the actions undertaken by the corporate defendants were done not only to avoid taxes in China, but also to "obtain an unfair competitive advantage because they could aggressively price their finished pencils at artificially low prices, and some of those prices were so low that they attracted PVI's customers away from PVI." (*Id.* ¶ 172.) According to plaintiff, the new allegations in its proposed second amended complaint are sufficient to state an alter ego theory of liability.

Defendants have primarily raised two arguments: (i) that the proposed amendments would be futile because plaintiff still cannot allege any inequitable result and (ii) the dismissed

defendants would face undue prejudice as a result of having to re-litigate the claims.[4]  The Court agrees.  The Court provided plaintiff with several months of jurisdictional discovery to allege facts sufficient to demonstrate that each of these dismissed defendants were alter egos of each other and the defendants upon whom personal jurisdiction is independently appropriate.  In granting in part defendants' motion to dismiss certain entities for lack of personal jurisdiction, the Court found that plaintiff had failed to establish the inequity prong of the alter ego analysis.  Plaintiff's new proposed allegations still fail to explain how plaintiff could satisfy the "inequity" prong of the alter ego inquiry.  This is particularly so given that the Court denied dismissal as to some claims against Viegas and Roberta Trading, and other foreign defendants, who appear to be more central to plaintiff's claims, have now been served.

Thus, further amendment of the operative complaint to re-allege alter ego claims against the defendants already dismissed for lack of personal jurisdiction would be futile.  Accordingly, the Court **DENIES** plaintiff's motion for leave to file a second amended complaint as to the same.

### B.        Claims Dismissed for Failure to State a Claim

The Court dismissed Counts One and Two against Kenpark and Mr. Viegas and Counts Three and Four against Kenpark and Roberta Trading for failure to state a claim, in part because it rejected plaintiff's arguments regarding alter ego liability.  Plaintiff seeks to re-plead these claims based largely on their new allegations related to alter ego liability.  With regard to the tort claims in Counts Three and Four, however, plaintiff also alleges additional actions committed by defendant Kenpark, which may state a claim for tortious interference.  Thus, while the Court finds that that leave to amend these claims based on additional alter ego allegations would be futile, leave to amend the tortious interference claims as to Kenpark based on the proposed new allegations is appropriate.  Accordingly, the Court **GRANTS IN PART** plaintiff's leave to amend Counts Three and Four as to Kenpark, but otherwise **DENIES** plaintiff's motion with respect to these counts.

---

[4]  Defendants also devoted several pages of their opposition to argue that plaintiff's motion for leave to amend should be deemed as a motion for reconsideration.  The Court declines to do so, and addresses plaintiff's motion as presented based on the appropriate legal standards for the same.

### C. Additional Claims against Kenpark and Shanghai Marco

Finally, plaintiff seeks to add a claim for fraudulent transfer against Shanghai Marco and Kenpark and a claim for civil conspiracy against Kenpark only. Defendants' arguments against granting leave to amend primarily focused on the defendants dismissed for lack of personal jurisdiction, and raised few arguments specific to these additional claims. With regard to the proposed claim for fraudulent transfer, defendants argue only that the new allegations fail to raise meritorious claims for relief because they are contrary to some of the evidence plaintiff obtained during jurisdictional discovery. This argument does not appear to be appropriate even for a motion to dismiss let alone a motion for leave to file an amended complaint, but are rather best reserved for summary judgment or trial. With regard to the proposed claim for civil conspiracy against Kenpark, defendants argue that it is merely an attempt by plaintiff to repackage its dismissed claims for tortious interference "premised on the same deficient allegations." (Dkt. No. 200 at 18.) Even if true, the analysis for whether those allegations were insufficient for a tortious interference claim does not necessarily mean they are also insufficient for a civil conspiracy claim. In short, defendants have failed to demonstrate substantial prejudice in allowing plaintiff to file a second amended complaint adding these two additional claims. Accordingly, the Court **GRANTS** plaintiff's motion with respect to the same.

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows: The Court **GRANTS** plaintiff's motion with respect to (i) Counts Three and Four as to Kenpark only and (ii) additional claims for fraudulent transfer and civil conspiracy. The Court otherwise **DENIES** plaintiff's motion.

Plaintiff must file a second amended complaint within five (5) days of this Order. Defendants must respond no later than twenty-one (21) days thereafter. No extensions will be granted.

This Order terminates Docket Number 195.

**IT IS SO ORDERED.**

Dated: August 2, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**