**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PRODUCTS AND VENTURES INTERNATIONAL,**<br>Plaintiff,<br>vs.<br>**AXUS STATIONARY (SHANGHAI) LTD., ET AL.,**<br>Defendants.<br>**ROBERTA TRADING CORPORATION,**<br>Counterclaimant,<br>vs.<br>**PRODUCTS AND VENTURES INTERNATIONAL; AND CARLOS FAIRBANKS**<br>Counterclaim Defendants. | CASE NO. 16-cv-00669-YGR<br><br>**ORDER GRANTING IN PART COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS**<br><br>Re: Dkt. No. 179 |

Counterclaimant Roberta Trading Corporation brings counterclaims against counterclaim defendants Products Ventures International ("PVI") and Carlos Fairbanks (collectively, "PVI/Fairbanks") for alleged breaches of contract and tort claims relating to a wooden pencil distribution agreement. (Dkt. No. 175, Counterclaim Complaint ("C. Compl.").) Specifically, counterclaimant brings the following claims: (i) Count One, breach of contract; (ii) Count Two, breach of the implied covenant of good faith and fair dealing; (iii) Count Three, intentional interference with contract against Fairbanks only; and (iv) Count Four, intentional interference with prospective economic advantage.

Currently before the Court is a motion to dismiss the counterclaim complaint on the following grounds:[1] (i) the statute of limitations bars the contractual and intentional interference with contract and prospective economic advantage claims; (ii) Roberta Trading failed to complete

---

[1] Counterclaim defendant PVI initially filed its motion to dismiss on March 27, 2017. (Dkt. No. 179.) After accepting service of the counterclaim complaint, counterclaim defendant Fairbanks joined in such motion with additional arguments on May 3, 2017. (Dkt. No. 194.) The Court addresses all issues raised in both herein.

the required dispute resolution procedures prior to filing suit; and (iii) the counterclaims fail to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Having carefully considered the pleadings and the papers and exhibits submitted, and for the reasons set forth more fully below, the Court **GRANTS IN PART** counterclaim defendants' motion as follows:[2]

> 1) Count One—Breach of Contract against PVI/Fairbanks: The Court **DISMISSES WITH LEAVE TO AMEND** the entire claim as to Fairbanks only for failure to state a claim. The Court **DISMISSES WITH LEAVE TO AMEND** this count on statute of limitations grounds, but only to the extent that they are based on claims that PVI failed to provide technical assistance prior to February 9, 2012. The Court **DENIES** the motion otherwise.
>
> 2) Count Two—Breach of Implied Covenant of Good Faith and Fair Dealing: The Court **DISMISSES WITH LEAVE TO AMEND** the entire claim as to Fairbanks only for failure to state a claim. The Court **DENIES** the motion otherwise.
>
> 3) Count Three—Intentional Interference against Fairbanks Only: The Court **DISMISSES WITH LEAVE TO AMEND** the entire claim for failure to state a claim.
>
> 4) Count Four—Interference with Prospective Economic Advantage against PVI/Fairbanks: The Court **DISMISSES WITH LEAVE TO AMEND** the entire claim.

## I. BACKGROUND

The Court adopts the Background section in its order on defendants' motion to dismiss PVI's claims (Dkt. No. 144), and adds the following facts and allegations relevant to the instant motion:

Roberta Trading was formed in 1991 to sell electronic products in China until 1995 when it became solely a holding company for various instruments. (C. Compl. ¶ 9.) Roberta Trading formed Shanghai Marco Stationery Co. in 1992 to manufacture and sell pencils and pencil slats. (*Id.* at ¶ 10.) Roberta Trading now alleges that Mr. Fairbanks approached it and Shanghai Marco in 1996, seeking a business partner in China and representing that he had "significant and unique

---

[2] In connection with their motion to dismiss, the counterclaim defendants seek judicial notice of the Washington Secretary of State's website listing information for Roberta Trading Corporation, attached as Exhibit D to the Declaration of Samuel Song. (Dkt. No. 180; Dkt. No. 181-4.) Counterclaimant does not oppose. In considering a motion to dismiss, the court may "take judicial notice of matters of public record outside the pleadings." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted). "It is appropriate to take judicial notice [of information] made publicly available by government entities." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010). The Court finds that the exhibit submitted here is appropriate for judicial notice. Accordingly, the Court **GRANTS** counterclaim defendants' request.

knowledge regarding treatment technology for the manufacturing of pencils and pencil slats and of the pencil slat business in general." (*Id.* at ¶ 11.)

On February 27, 1997, Roberta Trading, Shanghai Marco, and PVI executed a final version of the agreement in Shanghai, China. (*Id.* at ¶ 16; *see* C. Compl. Ex. 1.) Relevant to the instant motion, the parties allegedly agreed that Roberta Trading and Shanghai Marco granted PVI the exclusive right to act as Shanghai Marco's worldwide distributor of wooden pencil slats excluding finished pencils. (C. Compl. ¶ 17.) Additionally, Shanghai Marco agreed to pay $50,000 in "technical consulting fees" pursuant to a payment schedule. (*Id.*) In exchange, PVI agreed to order a minimum annual volume of product from Shanghai Marco throughout the life of the contract. (*Id.* at ¶ 18.)

Counterclaimant alleges that beginning "in at least 2008 and continuing thereafter, PVI failed to meet its contracted-for minimum annual order requirements" and its sales "continued to decline . . . throughout the remainder of the contract." (*Id.* at ¶ 21.) Roberta Trading further alleges that it began communicating with PVI in 2009 regarding PVI's failure to comply with its contractual obligations. Additionally, counterclaimant alleges that PVI failed to satisfy its obligations to provide technical assistance. (*Id.* at ¶¶ 26–28.) Furthermore, Roberta Trading alleges that PVI/Fairbanks have released statements and engaged in conduct "intended to harm the business relationships and professional reputations of Roberta Trading and Shanghai Marco." (*Id.* at ¶¶ 32–33.)

## II. LEGAL FRAMEWORK

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure on this ground is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

### III. DISCUSSION

#### A. Statute of Limitations

"An assertion that a suit is barred by the statute of limitations is an affirmative defense." *Felicien v. PNC Mortg.*, No. 11-CV-2388-EMC, 2012 WL 1413231, at *2 (N.D. Cal. Apr. 23, 2012). "However, a defendant may still raise a motion to dismiss based on this defense if the running of the limitations period is apparent on the face of the complaint." *Id.* (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss.")). "The district court may grant a 12(b)(6) motion to dismiss on statute of limitations grounds 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (citations omitted). Under California law, a "counterclaim relates back to the filing of the original

4

complaint." *Turtle v. Castle Records Incorporated*, No. 03-CV-3922-MMC, 2005 WL 1159419, at *1 (N.D. Cal. May 17, 2005). Thus, for the purposes of the instant motion, the counterclaims are treated as having been filed on February 9, 2016. (*See* Dkt. No. 1.)

PVI/Fairbanks assert that the statute of limitations bars all of Roberta Trading's claims. The Court addresses each, below.

### 1. Breach of Contract Claim

The statute of limitations for a breach of contract claim is four years. Cal. Civ. Proc. Code § 337(1); *see also Power Quality & Elec. Sys., Inc. v. BP W. Coast Prods. LLC*, No. 16-CV-4791-YGR, 2016 WL 6524408, at *4 (N.D. Cal. Nov. 3, 2016). PVI/Fairbanks argue that Roberta Trading's breach of contract claims are based on two categories of alleged conduct that occurred between six and eighteen years ago and are thereby barred by the applicable statute of limitations. Specifically, counterclaim defendants categorize the breach of contract claims thus: (i) PVI's failure to provide technical assistance under the distribution agreement; and (ii) PVI's failure to meet and take reasonable efforts to meet the minimum annual order volume requirements set by the distribution agreement, which counterclaimant alleges began by 2008. (C. Compl. ¶¶ 20–21, 26–28, 39.)

**Technical Assistance Claims:** PVI/Fairbanks rely on an October 30, 1998 document allegedly signed by Roberta Trading and Shanghai Marco certifying that PVI had fulfilled its technical assistance obligations in their entirety. (Dkt. No. 181-1 at 2, Song Decl. Ex. A.) Specifically, the document cited provides thus: "This document certifies that the obligations of [PVI] to provide technical assistance to Marco Trading and Shanghai Marco (collectively referred to as Marco), under the terms of the Distribution and Technical Assistance Contract entered into between PVI and Marco, for the manufacture of pencil slats have been fulfilled in their entirety. No further obligation exists as regards technical assistance and the continued viability of the contract." (*Id.*) Thus, PVI/Fairbanks argue that Roberta Trading's claims with regard to this issue accrued on October 30, 1998 and are thus time-barred.

Counterclaimant contends that (i) it is improper for the Court to take cognizance of the October 30, 1998 document for the purposes of a motion to dismiss and (ii) even if it did, such

document does not satisfy counterclaim defendants' burden to demonstrate that claims relating to "technical assistance" are time-barred. Specifically, Roberta Trading argues that the contract required PVI to provide continuing technical assistance throughout the life of the contract (*see* Dkt. No. 175-1 § 2(c) ("PVI further agrees to supply further technical support over the life of the contract whenever possible.")) and that counterclaimant has sufficiently alleged delayed discovery of the technical assistance claims to the extent they are based on activities from October 1998 (*see* C. Compl. ¶ 27 ("Roberta Trading's and Shanghai Marco's research confirmed and they discovered that all of the drying technologies and parameters for different woods that Mr. Fairbanks had provided to them were available in the public domain.")).

The Court finds that granting the motion to dismiss with respect to all of these claims based on statute of limitation grounds would be inappropriate at this juncture. It is not apparent from the face of the counterclaim complaint that the statute of limitations would bar all claims relating to counterclaimant's allegations that PVI failed to provide the requisite technical assistance. Such a determination would require further factual development, not appropriate at this stage of the proceedings.

However, with regard to any such claims arising out of activity more than four years prior to the filing of the original complaint in this action, such appears to be time-barred by the four-year statute of limitations. Counterclaimant has failed to plead specific facts to show "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005); *see also Robinson v. Wells Fargo Home Mortg.*, No. 16-CV-1619-YGR, 2016 WL 6524403, at *3 (N.D. Cal. Nov. 3, 2016) ("When a complaint is otherwise time-barred on its face, the plaintiff must allege specific facts explaining the failure to learn of the basis for the claim within the statutory period rather than relying on generalities."). Accordingly, the Court **GRANTS IN PART** counterclaim defendants' motion to dismiss and **DISMISSES WITH LEAVE TO AMEND** breach of contract allegations to the extent they are based on claims that PVI failed to provide technical assistance *prior* to February 9,

2012, *i.e.* four years prior to February 9, 2016. The Court otherwise **DENIES** PVI/Fairbanks' motion in this regard.[3]

**Minimum Annual Volume Requirements Claims**: Roberta Trading next alleges that PVI/Fairbanks were supposedly in breach of the distribution agreement by 2008 and that the parties allegedly had a meeting in 2009 to discuss PVI's failures in this regard. (C. Compl. ¶¶ 20–21.) On such basis, PVI/Fairbanks argue that such claims should be time-barred. Additionally, PVI/Fairbanks argue that all of the conduct alleged in the counterclaim complaint occurred between 2008 and 2011.

Roberta Trading responds that a tolling agreement in their contract saves their claims in this regard.[4] Specifically, the contract provides thus: "If a dispute or complaint arises concerning this Agreement, Shanghai Marco and PVI will negotiate a resolution of the Dispute. Should negotiation be unsuccessful, mediation of the Dispute by a third party shall follow. Any time which elapses in attempting to resolve the Dispute through either or both negotiation or mediation shall extend day-to-day any applicable statute(s) of repose or limitation of actions." (Dkt. No. 175-1 § 15(a).) With respect to this argument, PVI/Fairbanks argue that Roberta Trading failed to allege facts showing that the required written notice of dispute was provided to trigger that provision of the contract. Such argument is, however, not appropriate for this stage of the

---

[3] Roberta Trading also argues that its claims should be tolled by the continuing violation doctrine, which provides that courts may "aggregate[] a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them." *Aryeh v. Canon Business Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013). However, with regard to failure to provide requisite technical assistance, it is not clear to this Court why each instance should not be viewed as an individual offense for purposes of the statute of limitations. "[U]nder the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period." *Id.*; *see also Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 814 (2001) ("So the fact that a series of discriminatory or otherwise unlawful acts is indeed a series, a continuum, rather than a concatenation of unrelated acts, will delay the deadline for suing with respect to the earliest acts in the series *only if* their character was not apparent when they were committed but became so when viewed in the light of the later acts." (emphasis in original)).

[4] Roberta Trading also raises the continuing violation doctrine in an attempt to save its claims. However, for the same reasons stated above, the Court finds that counterclaimant has failed to demonstrate why each failure to meet minimum annual requirements should not be treated as individual instances of breach rather than as an ongoing violation.

7

proceedings. *See Morales*, 214 F.3d at 1153 (holding that dismissal is appropriate "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled") (citation omitted). Whether Roberta Trading sufficiently complied with the provisions of the contract to toll the statute of limitations requires further factual development and is better reserved for summary judgment or trial.

Accordingly, the Court **DENIES** counterclaim defendants' motion to dismiss such claims on statute of limitations grounds.

   *2. Breach of Implied Covenant of Good Faith and Fair Dealing*

"In California, the statute of limitation for breach of the covenant of good faith and fair dealing based on contract is four years." *Power Quality*, 2016 WL 6524408, at *5 (citing *Fehl v. Manhattan Ins. Grp.*, No. 11-CV-2688-LHK, 2012 WL 10047, at *4 (N.D. Cal. Jan. 2, 2012)). Counterclaim defendants argue that counterclaimant's claims in this regard accrued by 2008 or 2009, are thereby barred by the statute of limitations. (*See* C. Compl. ¶¶ 20–21.)

Roberta Trading's claims with respect to this count are analogous to its claims that PVI/Fairbanks failed to meet minimum annual requirements under the contract. (C. Compl. ¶ 46.) Thus, the same analysis above applies here. Accordingly, the Court **DENIES** counterclaim defendants' motion to dismiss Count Two on statute of limitations grounds.

   *3. Intentional Interference Claims*

Counterclaim defendants also argue that Counts Three and Four for intentional interference with contractual relations and intentional interference with prospective economic advantage are barred by the relevant statute of limitations. Under California law, the statute of limitations for such claims is two years. *See* Cal. Civ. Proc. Code § 339(1); *see also Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (1999). Specifically, counterclaim defendants argue that such claims accrued between 2008 and no later than 2011 (*See* C. Compl. ¶¶ 20–24), and, therefore, the statute of limitations would bar all such claims.

PVI/Fairbanks do not persuade. As an initial matter, the counter-complaint alleges conduct in 2016 and 2017 with respect to Roberta Trading's allegations that PVI and Fairbanks intentionally interfered with prospective economic advantage. Such claims, therefore, would not

be time-barred. With respect to counterclaimant's remaining allegations, it again argues that the dispute resolution provision in the contract tolls the statute of limitations for the intentional interference claims. The parties dispute exactly which claims such provision covers and whether Roberta Trading satisfied the requirements of that provision. However, those disputes are better reserved after further development of the factual record. Thus, for the same reasons stated above, the Court finds that dismissal on statute of limitations grounds would be inappropriate at this stage of the proceedings with respect to these claims.

Accordingly, the Court **DENIES** counterclaim defendants' motion in this regard.

### B. Failure to Comply with Dispute Resolution Procedures

PVI/Fairbanks submit that the entire counter complaint should be dismissed because Roberta Trading failed to allege compliance with the dispute resolution procedures set forth in the distribution agreement. Specifically, the agreement sets forth negotiation and mediation procedures and provides that "either party shall be entitled to file suit in state or federal court in San Francisco, State of California" if "the parties are unable to agree to continue mediation." (Dkt. No. 175-1 § 15(e).)

"Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Brosnan v. Dry Cleaning Station Inc.*, No. 08-CV-2028-EDL, 2008 WL 2388392, at *1 (N.D. Cal. June 6, 2008) (dismissing claims where plaintiffs did not dispute that they failed to engage in the required mediation proceedings). Here, however, counterclaimant alleges that a mediation session was held and concluded unsuccessfully on July 20, 2015. (C. Compl. ¶ 31.) PVI/Fairbanks agree that mediations occurred, but argue that there are no allegations that the counterclaims specifically at issue here were raised during such mediation sessions. However, such specificity goes beyond the dictates of the pleading standards, and the Court is not in a position at this stage to decide on whether counterclaimant has satisfied its obligations to mediate under the agreement.

Accordingly, the Court **DENIES** counterclaimant defendants' motion to dismiss on this ground.

**C. Failure to State a Claim**

*1. Count One: Breach of Contract*

Counterclaimant brings a claim for breach of contract against both PVI and Mr. Fairbanks. Counterclaim defendants raise two categories of arguments: First, counterclaim defendants argue that the alleged facts do not demonstrate any breaches of the contractual arrangement. Second, with regard to Mr. Fairbanks, counterclaimant's cause of action fails because he is not a party to the agreement but rather merely signed the agreement on behalf of PVI. *See Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 824 (1979) (reversing judgments against defendants because they were only agents of the signatory corporation, not actual parties to the contract).

With respect to their first argument, PVI/Fairbanks fail to persuade. Counterclaim defendants are essentially asking the Court to rule on the merits of the dispute—i.e., whether an actual breach of contract occurred. Such is not appropriate for this stage of the proceedings. Counterclaimant's allegations identifying specific provisions of the contract and the actions it believes breached those provisions are sufficient to sustain the counterclaim complaint here.[5]

With respect to their contractual claim against Fairbanks, counterclaimant's only argument in this regard is that the Court should pierce the corporate veil because Fairbanks is an alter ego of PVI. "Alter ego liability is an 'extreme remedy, sparingly used.'" *AngioScore, Inc. v. TriReme Medical, Inc.*, 87 F. Supp. 3d 986, 1013 (N.D. Cal. Apr. 6, 2015) (citation omitted) (further stating that such "relief is appropriate when there has been an abuse of the corporate privilege so severe that it justifies holding the equitable ownership of a corporation liable for the actions of the corporation").

---

[5] Counterclaim defendants argue that Roberta Trading fails to allege any contractual damages. Not so. Counterclaimant alleges thus: "Subject to limitations, Roberta Trading agreed to 'tak[e] on jointly and severally the obligations set forth in this contract.' Roberta Trading and Shanghai Marco understood, intended and expected that, pursuant to this term in their agreement and as a signatory to the agreement, Roberta Trading would be entitled to the benefits accorded thereunder." (C. Compl. ¶ 17.) Counterclaim defendants contend that counterclaimant cannot, however, identify a specific provision in the agreement that entitled Roberta Trading to any benefits under the agreement. However, such a finding would be tantamount to making a merits determination of the parties' contract, which is not appropriate at this stage of the proceedings.

10

In determining whether alter ego allegations are sufficient, the Court employs a two-factor analysis to determine if (1) "there [is] such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist" and (2) "there [will] be an inequitable result if the acts in question are treated as those of the corporation alone." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). The Court finds that counterclaimant has failed to satisfy the inequity prong of the alter ego inquiry. Counterclaimant alleges only that in October 2015, PVI and Fairbanks put a property located in California up for sale. (C. Compl. ¶ 34.) This allegation is insufficient to raise an inference that counterclaim defendants are engaging in "efforts to liquidate and/or dispose of assets in an attempt to avoid liability." (*Id.*) Counterclaimant may yet be able to allege properly alter ego claims against Fairbanks in this regard, but the current pleading fails. *See Axon Sols., Inc. v. San Diego Data Processing Corp.*, No. 09-CV-2543-JM, 2010 WL 1797028, at *3 (S.D. Cal. May 4, 2010) (applying alter ego theory based on allegation that the city intended to dissolve an agency to "wrongfully avoid liability for the monies owed to [plaintiff]"); *see also Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1250 (1991) (applying alter ego where there was "substantial evidence to support that [defendants] formed a single enterprise for the purpose of committing a continuing fraud against buyers").

Although the Court need not address the "unity of interest" prong given its finding above, the Court, nevertheless, provides the following guidance. Courts consider the following non-exhaustive factors in evaluating whether such a unity of interest exists between the corporation and its owner that the separate personalities should not in reality exist: (i) commingling of funds and other assets of the two entities; (ii) the holding out by one entity that it is liable for the debts of the other; (iii) identical equitable ownership in the two entities; (iv) use of the same offices and employees; (v) use of one as a mere shell or conduit for the affairs of the other; (vi) inadequate capitalization; (vii) disregard of corporate formalities; (viii) lack of segregation of corporate records; and (ix) identical directors and officers. *See AngioScore*, 87 F. Supp. 3d at 1014 (citing *Sonora*, 83 Cal. App. 4th at 538–39). Here, Roberta Trading's allegations in this regard appear primarily to be conclusory, and thus fail to satisfy the unity of interest prong. For instance,

Roberta Trading alleges that "Mr. Fairbanks treated the company's assets as his own personal funds, diverting funds and assets from the company to himself for personal, non-corporate uses, such as living expenses and entertainment-related purchases." (C. Compl. ¶ 25.) Such, however, is simply a more expansive way of describing the first factor, without providing actual factual allegations demonstrating at least the plausibility that Mr. Fairbanks did, in fact, commingle funds. (*See also id.* (further alleging failure to invest adequately and to employ sufficient staff to operate business).) While Roberta Trading's allegations related to Mr. Fairbanks' failure to employ adequate staff and his use of his home address as his business address may support a finding of "unity of interest," they are insufficient to demonstrate so here. *See Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 956 (N.D. Cal. 2015) (finding insufficient to satisfy the "unity of interest prong" plaintiffs' showing of "equitable ownership, use of the same offices and employees [], and identical officers and directors"). Roberta Trading must allege more to satisfy this prong of the alter ego inquiry.

Accordingly, the Court **GRANTS WITH LEAVE TO AMEND** Fairbanks' motion to dismiss Count One against Fairbanks only. Otherwise, the motion is **DENIED**.

### 2. *Count Two: Breach of Implied Covenant*

Counterclaim defendants argue that this claim should be dismissed because it is entirely duplicative of the breach of contract claim. Counterclaim defendants do not persuade. They rely exclusively on *Trinity Hotel Investors, LLC v. Sunstone OP Properties, LLC*, No. 07-CV-1356-AHS, 2009 WL 303330 (C.D. Cal. Feb. 6, 2009) for the proposition that a court may dismiss a breach of the implied covenant claim that is duplicative of a breach of contract claim. However, the court in *Trinity Hotel* did not dismiss such claim on the sole basis that it was duplicative of the breach of contract claim but rather because plaintiffs failed to demonstrate that the "failure or refusal to discharge contractual responsibilities, [was] prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act." *Id.* at *3. Here, counterclaimant has alleged sufficient facts to raise the inference of bad faith sufficient to sustain the cause of action in Count Two. For instance, counterclaimant alleged that despite repeated warnings, PVI and Fairbanks "failed and/or refused to adequately forecast customer needs and to

1 take other reasonable measures to counteract" certain negative externalities.  (C. Compl. ¶ 47.)
2 Such are sufficient at this stage.

Notwithstanding the foregoing, a breach of the implied covenant claim, like a breach of contract claim, requires that a contract exist between the parties.  *See Guerrero v. Wells Fargo Bank, N.A.*, No. 10-CV-5095-VBF, 2010 WL 8971769, at *5 (C.D. Cal. Sept. 14, 2010).  As discussed above, Fairbanks is not a party to the contract and counterclaimant has not sufficiently pled facts supporting its alter ego theory of liability.

Accordingly, the Court **GRANTS WITH LEAVE TO AMEND** Fairbanks' motion to dismiss Count Two against Fairbanks only.  Otherwise, the motion is **DENIED**.

*3.    Count Three:  Intentional Interference with Contract*

Roberta Trading brings a cause of action for intentional interference with contract against Fairbanks only.  To state a cause of action for intentional interference with contractual relations, a plaintiff must plead:  (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.  *Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1603 (2009).  Fairbanks raises two arguments with respect to this claim:  first, that he cannot be held liable because he was acting as an agent for the contracting party; and second, that counterclaimant otherwise fails to allege facts plausibly demonstrating that he engaged in intentional acts designed to disrupt the contractual relationship.

With regard to his first argument, Fairbanks contends that a representative of the contracting party may not be held liable for the tort of interfering with his principal's contract, and, therefore, such a claim cannot be sustained against him as a matter of law.  *See Mintz*, 172 Cal. App. 4th at 1604 (holding that "corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract").  California courts have recognized that contractual interference claims may be "stated against owners, officers, and directors of the company whose contract was the subject of the litigation."  *Woods v. Fox Broadcasting Sub., Inc.*, 129 Cal. App. 4th 344, 356 (2005); *see also Mintz*, 172 Cal. App. 4th

13

at 1604 n.3 (explaining that *Woods* concluded that a shareholder "is not automatically immune from liability for interfering with the contractual obligations of the company in which it holds shares"). *Woods* further explains that those defendants "may attempt to prove that their conduct was privileged or justified, that is a defense which must be pleaded and proved." *Woods*, 129 Cal. App. 4th at 356.

With regard to his second argument, Fairbanks contends that Roberta Trading has included only conclusory assertions that Fairbanks intended to disrupt the contractual relationship. Roberta Trading counters that the allegations in the complaint meet the pleading standards. Specifically, Roberta Trading alleges that "Mr. Fairbanks was responsible for PVI's sales but refused to undertake reasonable, diligent efforts to sell the products encompassed/intended by the Distribution Agreement" and that he "undertook acts that significantly restricted PVI's ability to sell" products under the agreement. (C. Compl. ¶¶ 53, 58.) These allegations do not sufficiently raise the inference that Fairbanks intended to disrupt the contractual relationship. At most, the allegations can lead to the conclusion that Fairbanks was negligent or made poor decisions, but not to the conclusion that his actions were designed to sabotage the contractual arrangement between the parties. *See Gilead*, 536 F.3d at 1055 (holding that "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" do not state a claim).

Accordingly, the Court **GRANTS** the motion and **DISMISSES WITH LEAVE TO AMEND** Count Three against Fairbanks.

*4.     Count Four: Interference with Prospective Economic Advantage*

To state a claim for intentional interference with prospective economic advantage, a plaintiff must plead the following: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (citation omitted). Counterclaim defendants assert two arguments. First, no allegations exist of an existing relationship that is reasonably likely to produce economic

14

benefits in the future. Second, counterclaimant has failed to allege any intentional acts designed to disrupt such relationships.[6]

With regard to the first argument, PVI/Fairbanks contend that counterclaimant's allegations regarding its economic relationships are vague and provide no details about the relationships with which they allegedly interfered. *See PNY Techs., Inc. v. SanDisk Corp.*, No. 11-CV-4689-YGR, 2012 WL 1380271, at *14 (N.D. Cal. Apr. 20, 2012) (rejecting allegations that plaintiff "has existing and valuable business relationships, as well as reasonable expectations of further and future relationships, with manufacturers, retailers, and purchasers relating to flash memory technology").[7] The complaint at issue here is, however, distinguishable from that in *PNY Techs*. There, this Court found that no facts were alleged from which the Court could discern impacted relationships. Here, Roberta Trading provides more. For instance, counterclaimant alleges that certain statements made by PVI affected its business contacts at the Paperworld Fair in Frankfurt, Germany and that PVI and Fairbanks specifically sought out an individual at that fair, whom they knew was a business contact of Roberta Trading. (C. Compl. ¶¶ 32–33.) Counterclaimant further alleges that PVI and Fairbanks are aware of the businesses, with which Roberta Trading has economic relationships based on their discussions with Roberta Trading and Shanghai Marco and their involvement in the pencil industry. (*Id.* at ¶¶ 61–62.) These allegations are sufficient to survive a motion to dismiss.

With regard to counterclaim defendants' second argument, they contend that counterclaimant fails to allege what "false, disparaging information" PVI and Fairbanks released that would demonstrate that they engaged in an independently wrongful act designed to interfere with prospective economic relationships. *See Korea Supply Co.*, 29 Cal. 4th at 1158–59 (further

---

[6] Counterclaim defendants again raise the argument that Fairbanks cannot be held liable for intentional interference with prospective economic advantage as an agent of PVI. The Court rejects that argument for the same reasons it did so in the context of Count Three.

[7] Additionally, counterclaim defendants argue that the allegations are insufficient to demonstrate that these relationships contain the probability of future economic benefit, particularly where Roberta Trading has been a dormant corporation for several years. (*See* RJN Ex. D (stating that Roberta Trading's corporate registration expired on November 30, 2014 and it has been "Inactive" since March 2, 2015).) The Court cannot, at this stage, make rulings based on the meaning of that document and corporate registration status.

explaining that an "act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard"). The only document to which counterclaimant cites is a January 28, 2017 press release issued by PVI summarizing this Court's January 18, 2017 order regarding defendants' motion to dismiss. (*See* C. Compl. Ex. 2.) That document, however, is covered by the litigation privilege and, therefore, cannot give rise to liability. Specifically, the litigation privilege protects, among others, a "fair and true report" of judicial proceedings made in, or as a communication to, a "public journal." Cal. Civ. Code § 47(d)(1). Roberta Trading argues that the litigation privilege does not apply because the article is neither a "fair and true report" of the judicial proceedings, nor is it published in a public journal. First, the Court finds that the article fairly and truthfully represents the procedural posture of the case, and the claims the Court allowed PVI to bring against Viegas and Roberta Trading only. (*See* Dkt. No. 175-2 at 2.) Second, Roberta Trading provides no support for its position that PRWeb, the website in which the article was published, should not be considered a "public journal" for purposes of the statute. *See, e.g.*, *Microsoft v. Yokohama Telecom Corp.*, 993 F. Supp. 782, 784–85 (C.D. Cal. 1998) (litigation privilege applied to protect a company that paid a newspaper to run an announcement regarding nature of the suit). Thus, the Court finds that Roberta Trading has failed to plead facts raising a plausible claim for relief in this regard. Furthermore, Roberta Trading's remaining allegations with regard to other "false, disparaging" information are vague and conclusory. The Court finds as alleged the FAC contains insufficient allegations to state a claim.

Accordingly, the Court **GRANTS WITH LEAVE TO AMEND** PVI/Fairbanks' motion to dismiss Count Four, to the extent possible within Rule 11 obligations.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART** counterclaim defendants' motion to dismiss as follows:

1) Count One—Breach of Contract against PVI/Fairbanks: The Court **DISMISSES WITH LEAVE TO AMEND** the entire claim as to Fairbanks only for failure to state a claim. The Court **DISMISSES WITH LEAVE TO AMEND** this count on statute of limitations grounds, but only to the extent that they are based on claims that PVI

failed to provide technical assistance *prior* to February 9, 2012. The Court **DENIES** the motion otherwise.

2) Count Two—Breach of Implied Covenant of Good Faith and Fair Dealing: The Court **DISMISSES WITH LEAVE TO AMEND** the entire claim as to Fairbanks only for failure to state a claim. The Court **DENIES** the motion otherwise.

3) Count Three—Intentional Interference against Fairbanks Only: The Court **DISMISSES WITH LEAVE TO AMEND** the entire claim for failure to state a claim.

4) Count Four—Interference with Prospective Economic Advantage against PVI/Fairbanks: The Court **DISMISSES WITH LEAVE TO AMEND** the entire claim.

Counterclaimant must file within fourteen (14) days of this Order either (i) a second amended counter-complaint or (ii) a statement indicating that they will proceed with the current counter-complaint. Courtesy copies of a redlined version of the second amended counter-complaint must be provided to the Court and to opposing parties. PVI/Fairbanks shall respond within twenty-one (21) days thereafter. No extensions will be granted.

This Order terminates Docket Number 179.

**IT IS SO ORDERED.**

Dated: August 2, 2017

                                                    **YVONNE GONZALEZ ROGERS**
                                      **UNITED STATES DISTRICT COURT JUDGE**