# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PRODUCTS AND VENTURES INTERNATIONAL,**<br>    Plaintiff**,**<br>vs.<br>**AXUS STATIONARY (SHANGHAI) LTD., ET AL.,**<br>    Defendants**.** | CASE NO. 16-cv-00669-YGR<br><br>**ORDER DENYING COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS**<br><br>Re: Dkt. No. 212 |
| **ROBERTA TRADING CORPORATION,**<br>    Counterclaimant**,**<br>vs.<br>**PRODUCTS AND VENTURES INTERNATIONAL; AND CARLOS FAIRBANKS**<br>    Counterclaim Defendants**.** | |

Counterclaimant Roberta Trading Corporation brings counterclaims against counterclaim defendants Products Ventures International ("PVI") and Carlos Fairbanks (collectively, "PVI/Fairbanks") for alleged breaches of contract and tort claims relating to a wooden pencil distribution agreement. (Dkt. No. 207, Second Amended Counterclaim Complaint ("SACC").)

The Court previously granted in part counterclaim defendants' motion to dismiss, dismissing: (i) the breach of contract claim as to Fairbanks entirely; (ii) the breach of contract claim as to PVI to the extent that the claims were based on allegations predating February 9, 2012; (iii) the breach of implied covenant of good faith and fair dealing as to Fairbanks only; (iv) the intentional interference claim against Fairbanks only; and (v) the interference with prospective economic advantage against PVI/Fairbanks. Counterclaimant has filed the SACC.[1]

---

[1] The SACC does not include the first and fifth claims referenced above. It does include the second and fourth, and the third but only as to PVI.

Currently before the Court is counterclaim defendants' motion to dismiss the following, pursuant to Federal Rule of Civil Procedure 12(b)(6): (i) Count One, breach of contract against PVI to the extent that it is based on allegations that PVI failed to provide technical assistance prior to February 9, 2012; and (ii) Count Three, intentional interference with contract against Fairbanks. Additionally, counterclaim defendants also move to strike certain allegations in the SACC pursuant to Rule 12(f).

Having carefully considered the pleadings and the papers and exhibits submitted, and for the reasons set forth more fully below, the Court **DENIES** counterclaim defendants' motion.[2]

## I. LEGAL FRAMEWORK

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure on this ground is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

---

[2] The Court adopts the Background section in its order on defendants' motion to dismiss PVI's claims (Dkt. No. 144) and in its order on counterclaim defendants' prior motion to dismiss the counter-complaint (Dkt. No. 205). The Court also finds that the issues raised are suitable for resolution without oral argument. Accordingly, the Court **VACATES** the hearing on PVI/Fairbanks' motion, currently set for October 24, 2017.

2

what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

**II. MOTION TO DISMISS**

**A. Count One: Breach of Contract Relating to Technical Assistance as to PVI**

PVI/Fairbanks raise two grounds for dismissal of Roberta Trading's breach of contract claims, as they relate to PVI's alleged obligation to provide technical assistance, namely: (i) the claims are time-barred and Roberta Trading has failed to plead adequately that its failure to discover the injury should toll the statute of limitations; and (ii) Roberta Trading failed to satisfy dispute resolution procedures with respect to such claims.

*1. Statute of Limitations*

The Court previously denied PVI/Fairbanks' motion to dismiss Roberta Trading's breach of contract claims, except to the extent that Roberta Trading based such claims on PVI's breach of its technical assistance obligations prior to February 9, 2012. Specifically, the Court found that Roberta Trading had failed to plead specific facts to show "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (internal quotations and citation omitted); *see also Robinson v. Wells Fargo Home Mortg.*, No. 16-CV-1619-YGR, 2016 WL 6524403, at *3 (N.D. Cal. Nov. 3, 2016) ("When a complaint is otherwise time-barred on its face, the plaintiff must allege specific facts explaining the failure to learn of the basis for the claim within the statutory period rather than relying on generalities.").

With respect to this issue, Roberta Trading has added the following:

> However, Roberta Trading and Shanghai Marco did not discover that PVI and Mr. Fairbanks had provided technology that did not belong to them until August 2016, when Roberta Trading and Shanghai Marco were informed by one of PVI's former employees that Mr. Fairbanks may have stolen from Cal Cedar technology that he had purported to provide to Roberta Trading and Shanghai Marco. It would not have been possible for Roberta Trading and Shanghai Marco to discover this information previously because the information was uniquely available to PVI, Mr. Fairbanks and Cal Cedar and Roberta Trading and Shanghai Marco did not have access to Cal Cedar's confidential and proprietary information. Thus, they could not have compared that information to the technology that they had received from PVI and Mr. Fairbanks. Indeed, it was not until PVI's former employee informed Roberta Trading and Shanghai Marco that the technology that PVI had provided may actually belong to Cal Cedar that they could have discovered the circumstances giving rise to their claim for breach of contract.

(SACC ¶ 29.) PVI/Fairbanks argue that Roberta Trading's additional allegation is insufficient to satisfy Roberta Trading's obligation to plead specific facts to demonstrate its "inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808 ("In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.'" (citation omitted)).[3]

Roberta Trading argues that the Court should deny PVI/Fairbanks' motion because Roberta Trading did not know, nor did it have a reason to know, that it had been injured in this manner prior to August 2016. *See Fox*, 35 Cal. 4th at 808 ("The Legislature, in codifying the discovery rule, has also required plaintiffs to pursue their claims diligently by making accrual of a cause of action contingent on when a party discovered or *should have discovered* that his or her injury had a wrongful cause.") (emphasis in original); *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 832 (1983) ("[The discovery rule] permits delayed accrual until a plaintiff knew or should have known of the wrongful conduct at issue."). The Court agrees for purposes of this motion.

---

[3] Roberta Trading also argues that allegations of pre-2012 events are appropriate to lay the background, even if claims cannot arise from those events. PVI/Fairbanks, however, does not move to strike those allegations, and agrees that such allegations are appropriate. Rather, PVI/Fairbanks' argue that Roberta Trading should not be able to recover for its breach of contract claim, to the extent that those claims are based on pre-February 9, 2012 allegations related to the provision of technical assistance.

4

Roberta Trading has alleged a plausible reason explaining why it would not have been aware of PVI's breach with regard to its obligation to provide technical assistance that was not the proprietary technology of another company. Unlike *Fox*, which involved a medical injury, here, the injury to Roberta Trading would only have become apparent once Roberta Trading became aware of the alleged fact that the technology PVI provided to it was misappropriated from Cal Cedar. Unless and until Roberta Trading received notice of the allegedly stolen nature of the technology, it does not appear Roberta Trading would have had reason to suspect that it had been injured. PVI/Fairbanks raises several arguments as to how Roberta Trading could have discovered the information earlier, but whether Roberta Trading's actions were reasonable or whether Roberta Trading should have suspected an injury that it then could have investigated is a question of fact not resolvable on a motion to dismiss.

Accordingly, the Court **DENIES** PVI/Fairbanks' motion to dismiss the pre-February 9, 2012 technical assistance claims on this ground.

### 2. *Failure to Comply with Dispute Resolution Procedures*

Roberta Trading's claims with regard to PVI's pre-February 9, 2012 technical assistance obligations are based on its allegations that it only discovered PVI's impropriety in August 2016. Thus, PVI/Fairbanks argues that such claims could not have been mediated, as required by the distribution agreement, when the parties were engaged in mediation in July 2015. Specifically, the agreement sets forth negotiation and mediation procedures and provides that "either party shall be entitled to file suit in state or federal court in San Francisco, State of California" if "the parties are unable to agree to continue mediation." (Dkt. No. 207-1, Distribution Agreement § 15(e) (requiring that if "a dispute or complaint arises concerning this Agreement, Shanghai Marco and PVI will negotiate a resolution of the Dispute").)

"Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Brosnan v. Dry Cleaning Station Inc.*, No. 08-CV-2028-EDL, 2008 WL 2388392, at *1 (N.D. Cal. June 6, 2008) (dismissing claims where plaintiffs did not dispute that they failed to engage in the required mediation proceedings). Roberta Trading argues that it adequately alleges that it participated in the requisite mediation and

5

"satisfied the dispute resolution obligations" prior to filing this counterclaim. (SACC ¶¶ 32, 37.) Roberta Trading then adds that PVI provided no support for the notion that each specific allegation in each counterclaim must have been discussed during the dispute resolution proceedings prior to the claim being included in this litigation.

The Court previously denied PVI/Fairbanks' motion to dismiss based on its arguments that Roberta Trading had failed to comply with the dispute resolution procedures under the distribution agreement. Specifically, the Court found that it was not in a position to decide on "whether counterclaimant [had] satisfied its obligations to mediate under the agreement." (Dkt. No. 205 at 9.) While PVI/Fairbanks' argument is much narrower in the context of this motion, relating only to allegations regarding knowledge Roberta Trading allegedly acquired in August 2016, the Court finds that such arguments are better resolved with a fuller record regarding the meaning of that provision of the distribution agreement and the actual issues discussed at the parties' mediation. The Court can foresee issues of whether the distribution agreement would require further mediation of additional claims discovered, while litigation between the parties is already pending for substantially similar claims.

Accordingly, the Court **DENIES** PVI/Fairbanks' motion to dismiss on this ground.

**B.     Count Three: Intentional Interference with Contract as to Fairbanks**

Roberta Trading brings a cause of action for intentional interference with contract against Fairbanks only. To state a cause of action for intentional interference with contractual relations, a plaintiff must plead: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1603 (2009).

Previously, the Court dismissed Roberta Trading's claim in this count because the allegations did not sufficiently raise the inference that Fairbanks intended to disrupt the contractual relationship. Rather, the allegations, at best, could have supported an inference that Fairbanks was negligent or made poor commercial decisions. *See Gilead*, 536 F.3d at 1055

6

(holding that "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" do not state a claim). That was insufficient.

Roberta Trading has since added the following allegations: Roberta Trading alleges that Fairbanks informed Roberta Trading and Shanghai Marco that it could not conduct further business with them because the offered pricing was too high for PVI. (SACC ¶ 52.) However, at the same time, Fairbanks was actively pursuing business opportunities with another large slat supplier that had quoted PVI a "materially comparable price for the same or materially identical product that Roberta Trading and Shanghai Marco had offered to PVI and that PVI had rejected as supposedly being too costly." (*Id.*) Roberta Trading further alleges that Fairbanks undertook "these efforts in an attempt to obstruct the contractual relationship between PVI, Roberta Trading and Shanghai Marco because he wanted PVI to discontinue doing business with them and to use alternate slate suppliers instead." (*Id.*)

The Court finds that these additional allegations are sufficient at this stage to sustain a claim. Fairbanks' argument essentially asks the Court to determine at this stage that his conduct was permitted under the distribution agreement. The Court cannot make that finding in the context of a Rule 12(b)(6) motion to dismiss.

Accordingly, the Court **DENIES** the motion to dismiss Count Three against Fairbanks.

### III. MOTION TO STRIKE

PVI asks the Court to strike allegations from the SACC that relate to claims that Fairbanks and PVI are alter egos of each other. (*See* SACC ¶¶ 5, 25, 34.) A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike 'are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'"

*Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

Given the disfavored status of Rule 12(f) motions, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). Whether to grant a motion to strike is a matter committed to the sound discretion of the district court. *See Whittlestone*, 618 F.3d at 973 (citing *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000)).

PVI/Fairbanks argue that allegations that support Roberta Trading's abandoned theory that Fairbanks is liable under certain counts because he is an alter ego of PVI should be stricken as irrelevant, particularly because PVI/Fairbanks fear that Roberta Trading will use these allegations to obtain burdensome and improper discovery. For instance, PVI/Fairbanks seek to strike allegations in the SACC that Fairbanks utilized PVI as a mere "shell, instrumentality and conduit for his personal endeavors and for the sole purpose of permitting [Fairbanks] to engage in his own personal affairs under a corporate guise." (SACC ¶ 25.) Roberta Trading counters that, while it no longer seeks to hold Fairbanks liable for the breach of contract claim under an alter ego theory, Fairbanks' alleged misuse of PVI as a conduit for his personal endeavors remains relevant. Specifically, Roberta Trading alleges that Fairbanks' improper use of PVI resulted in his "failure to maintain PVI as an operational, functioning company that could actually perform the tasks required to meet the obligations under the Distribution Agreement." (*Id.* at ¶ 26.)

The Court finds that PVI/Fairbanks have not met their burden to demonstrate that these allegations must be stricken. The issues raised in Roberta Trading's allegations may possibly "bear on an issue in the litigation." *Holmes*, 966 F. Supp. 2d at 930. Accordingly, the Court **DENIES** PVI/Fairbanks' motion to strike the same.

8

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** counterclaim defendants' motion to dismiss entirely. PVI/Fairbanks must file a response to the SACC within fourteen (14) days of this Order.

The Court further **SETS** a case management conference for **Monday, November 13, 2017** at **2:00 p.m.**, in the Federal Building, 1301 Clay Street, Oakland, California, Courtroom 1. No later than **November 6, 2017**, the parties must file a joint case management conference statement, pursuant to the Civil Local Rules and this Court's Standing Order in Civil Cases.

This Order terminates Docket Number 212.

**IT IS SO ORDERED.**

Dated: October 11, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**