1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5

6 **PRODUCTS AND VENTURES**          CASE NO.  16-cv-00669-YGR
  **INTERNATIONAL,**
7
              Plaintiff**,**            **ORDER GRANTING MOTION TO ENTER**
8                                       **JUDGMENT PURSUANT TO SETTLEMENT**
        vs.
9                                       Re: Dkt. Nos. 243, 247, 253

  **AXUS STATIONARY (SHANGHAI) LTD., ET**
10 **AL.,**

11           Defendants**.**

12

13        Pending before the Court is plaintiff and counterclaim defendant Product and Ventures

14 International's ("PVI") and counterclaim defendant Carlos Fairbanks' (together, the "moving

15 parties") motion to enter judgment against defendants Axus Stationery (Shanghai) Co. Ltd.,

16 Shanghai Marco Stationery Co. Ltd., Shanghai Laikesheng Pen Material Co. Ltd. d/b/a Shanghai

17 Lexon, Peifeng Xu, Andre Viegas, Kenpark Ltd., and defendant and counterclaimant Roberta

18 Trading Corporation (collectively, "defendants") pursuant to the parties' oral settlement agreement

19 made on the record during the January 25, 2018 settlement conference before United States

20 Magistrate Judge Laurel Beeler.  (Dkt. No. 243 ("Motion").)

21        The instant motion is straightforward, and unfortunately, not uncommon.  The parties, and

22 their counsel, participated in the settlement conference held on January 25, 2018.  At the

23 conclusion of the conference, Judge Beeler articulated the material terms of the settlement, the

24 parties themselves and their attorneys agreed to those terms on the record, and Judge Beeler

25 confirmed, on the record, that the settlement was "binding and enforceable."  (Exh. A to

26 Declaration of Randolph Gaw ISO PVI's and Carlos Fairbanks' Motion to Enter Judgment

27 Pursuant to Settlement ("Tr.") at 6:16–17, Dkt. No. 245-1.)  During the colloquy, the parties also

28 noted that (i) a written agreement would issue, and (ii) the mechanics of the settlement, including

1  the process for and timing of payment, were to be resolved after good faith investigation. No

2  party indicated that either of those issues was to be a condition precedent to the binding nature of

3  the settlement reached. Defendants now claim that the mechanics of payment was in fact a

4  condition precedent to reaching a complete settlement, which remains unsatisfied, and also a

5  material term such that the settlement thus cannot be enforced. For the reasons set forth herein,

6  the Court disagrees and **GRANTS** the moving parties' motion.[1]

7  **I.     LEGAL FRAMEWORK**

8      Section 664.6 of the California Code of Civil Procedure ("CCP") controls and provides in

9  pertinent part:

10     If parties to pending litigation stipulate . . . orally before the court, for settlement of
   the case, or part thereof, the court, upon motion, may enter judgment pursuant to
11     the terms of the settlement. If requested by the parties, the court may retain
   jurisdiction over the parties to enforce the settlement until performance in full of
12     the terms of the settlement.

13 California courts routinely enforce this provision for settlements made on the record by parties and

14 counsel to provide a "summary, expedited procedure" and promote "finality." *Levy v. Superior*

15 *Court*, 10 Cal. 4th 578, 585 (1995). An oral settlement recited in open court is enforceable under

16 CCP section 664.6 even if the parties contemplated memorializing the agreement in writing, but

17 never did. *See Blix St. Records, Inc. v. Cassidy*, 191 Cal. App. 4th 39, 48 (2010) ("When parties

18 intend that an agreement be binding, the fact that a more formal agreement must be prepared and

19 executed does not alter the validity of the agreement."); *cf. Elyaoudayan v. Hoffman*, 104 Cal.

20 App. 4th 1421, 1430 (2003) (finding that failure of all parties to sign written agreement did not

21 alter oral agreement's validity). Moreover, ordinary contract principles apply to the "construction

22 and enforcement of settlement agreements." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).

23 Under California law, courts should focus on the parties' "objective intent as evidenced by the

24 words of the [oral agreement], not [their] subjective intent . . . ." *Elyaoudayan*, 104 Cal. App. 4th

25 at 1430 (first alteration in original) (internal quotation marks omitted).

26

27       [1] In light of this Order, defendants' cross-motion for an order referring the parties to a
   further settlement conference before Judge Beeler or, in the alternative, setting a case management
28 conference (Dkt. No. 247) is **DENIED AS MOOT**.

2

## II.   DISCUSSION

Here, defendants do not deny that the parties participated in the settlement conference on January 25, 2018 or that the transcript reflecting the oral agreement before Judge Beeler is accurate.  Rather, they only dispute the meaning of the same and advance an interpretation that is favorable to their position.  Accordingly, the Court turns to the uncontroverted transcript to determine if the language of the oral agreement is "clear and explicit."  Cal. Civ. Code § 1638.[2] Thus:

**THE COURT**: Okay.  All right.  I am going to recite the terms of the settlement.  I am going to ask the lawyers if I've missed anything, and then I'm going to ask the parties if they understand and accept the terms of the settlement.

The total settlement amount is $4.4 million.

The defendants are going to retain, through their counsel, Winston and Strawn, will retain an expert regarding the mechanics of payment by Chinese companies into a U.S. Bank.

If there is an impediment that is insurmountable, the parties will deal with it then.

I will continue to assist the parties with the mechanics of settlement.

The contemplation is that by February 15, Winston and Strawn will have -- will report back to me and to plaintiff's counsel about the mechanics, with the understanding that sometimes, because of the timeline of retaining somebody and people's schedules, it might take more time.  So everyone understands this is -- that counsel working together in good faith will meet that deadline, but will accommodate reasonable requests for an extension.

Ultimately all of this will be -- this payment will be in return for dismissal of the entire case, including the counterclaims with prejudice.

There will be a written settlement agreement which will contain a release of all claims in the litigation.  There will be a mutual waiver of costs.

The parties will otherwise bear their own fees and costs because there will be likely process for the mechanics of payment.

The Court will -- the parties have agreed that the Court will retain jurisdiction to enforce the terms of the settlement agreement, and I think that probably the contemplation is that

---

[2] California Civil Code section 1638 provides:  "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."

the parties will consent to my retaining jurisdiction to enforce the terms of the settlement agreement with -- with the remainder [sic] that you have to include that in the stipulated dismissal for it to be effective.

Have I missed anything from the plaintiff's perspective?

**MR. GAW**: No, your Honor.

**THE COURT**: So that's an accurate recitation of the settlement terms?

**MR. GAW**: Yes, your Honor.

**THE COURT**: And from the defendants' perspective?

**MS. ENNS**: Yes, your Honor. That's correct.

**THE COURT**: Okay. Good.

So, Mr. Fairbanks, do you understand the terms of the settlement that I've just recited into the record?

**MR. FAIRBANKS**: Yes, I do.

**THE COURT**: Do you understand that if you accept the terms, it ends the case and you can't reopen it?

**MR. FAIRBANKS**: Yes, I do.

**THE COURT**: Do you accept the terms of the settlement?

**MR. FAIRBANKS**: Yes, I do.

**THE COURT**: All right. And so Mr. Viegas, as defendant and counterclaimant, do you understand the terms of the settlement that I've just recited into the record?

**MR. VIEGAS**: Yes, I do, your Honor.

**THE COURT**: Okay. Do you understand that if you accept the terms, it ends the case and you can't reopen it?

**MR. VIEGAS**: Yes, I do, your Honor.

**THE COURT**: Do you accept the terms of the settlement?

**MR. VIEGAS**: Yes, I do, your Honor.

**THE COURT**: Okay. So with that we have a binding and enforceable settlement agreement with the material terms in the record.

1 (Tr. at 4:5–6:18.)

2       The language of the oral agreement unequivocally establishes that the issue of the

3 "mechanics of payment" was s*econdar*y to PVI's right to receive the agreed-upon $4.4 million.

4 The parties did not indicate that the settlement would not proceed without the mechanics being

5 resolved first,[3] and indeed the oral agreement shows an intent by the parties to enter into a binding

6 accord regardless of an agreement as to the particular form of such mechanics. *See, e.g.*, Tr. at

7 6:11–18 (showing that Judge Beeler explicitly indicated that by agreeing to the terms recited on

8 the record, "it ends the case" and that the "material terms" as stated constituted a "binding and

9 enforceable agreement"); *see also Karpinski v. Smitty's Bar, Inc.*, 246 Cal. App. 4th 456, 464

10 (2016) ("The existence of a condition precedent normally depends upon the intent of the parties *as*

11 *determined from the words they have employed in the contract*.") (emphasis supplied) (internal

12 quotation marks omitted); *Hasso*, 229 Cal. App. 3d at 1181 ("Conditions precedent are not favored

13 and contractual provisions will not be so construed in the absence of language *plainly requiring*

14 *such a construction*.") (emphasis supplied). Defendants' claim that the parties "expressly agreed"

15 to a condition precedent is thus devoid of merit. (*See* Opposition to PVI's and Carlos Fairbanks'

16 Motion to Enter Judgment Pursuant to Settlement ("Opposition") at 11, Dkt. No. 249.)[4] That

17 Judge Beeler and the parties indicated that they would work together with respect to the

18 performance and enforcement of the agreed upon terms does not convert the same to a condition

19 precedent.

20

---

21     [3] The oral agreement contains no language that it is "subject to" or "conditioned on"
resolving the mechanics of payment. *In re Marriage of Hasso*, 229 Cal. App. 3d 1174, 1181

22 (1991).

23     [4] Defendants' cited authorities to the contrary are unavailing. *North East Medical
Services, Inc. v. California Department of Health Care Services*, 710 F. App'x 737 (9th Cir.

24 2017), aside from being based entirely on federal contract law, considered whether a condition
precedent actually *occurred* and not whether one *existed* in the first place. *Id*. at 739 ("The parties

25 agree that a final settlement was expressly 'contingent' on NEM's resolution of its administrative
remedies with HHS. It is plainly a condition precedent. At issue is whether the condition

26 occurred."). In any event, the Ninth Circuit explained that "[c]onditions precedent are disfavored
*absent unambiguous language*." *Id*. (emphasis supplied). Moreover, in *Kadner v. Shields*, 20 Cal.

27 App. 3d 251 (1971), which did not involve a settlement agreement, the condition precedent that
the court found was created by the subject escrow agreement was based on a contractual

28 "satisfaction clause" that both parties agreed was valid. *Id*. at 257–58.

5

1   Moreover, and relatedly, the "mechanics of payment" is not a material term such that the

2   oral agreement's failure to specify its meaning renders the agreement incomplete and

3   unenforceable.  The Ninth Circuit has explained that:

4       [A] term may be "material" in one of two ways:  It may be a necessary term,
        without which there can be no contract; or, it may be an important term that affects

5       the value of the bargain.  Obviously, omission of the former would render the

6       contract a nullity. . . .   But a contract that omits terms of the latter type is
        enforceable under California law, so long as the terms it does include are

7       sufficiently definite for a court to determine whether a breach has occurred, order
        specific performance[,] or award damages. . . .  This is not a very demanding test[.]

8

9   *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037–38 (9th Cir. 2011) (internal

10  citations omitted).  As in *Facebook*, the agreement here "easily passes" that test.  Specifically, the

11  oral agreement includes terms "sufficiently definite . . . to determine whether a breach has

12  occurred, order specific performance[,] or award damages," including the amount to be paid by

13  defendants to PVI, that the parties would dismiss all claims and counterclaims with prejudice, and

14  that the parties would bear their own fees and costs.  *Id*. at 1038.  The oral agreement's failure to

15  specify the "mechanics of payment" does not mean that "there can be no contract."  *Id*. at 1037.

16  Indeed, *enforcement* of a judgment or settlement is separate topic.  *See Elyaoudayan*, 104 Cal.

17  App. 4th at 1431 ("[O]ral settlement, like any agreement, 'imposes upon each party a duty of good

18  faith and fair dealing in its performance and its enforcement.'") (quoting Restatement (Second) of

19  Contracts § 205).  Logically, resolution of that issue is certainly preferable, but the "mechanics of

20  payment" relates only to the "value of the bargain," *Facebook*, 640 F.3d at 1037, and is not

21  "crucial and material to [the] end bargain."[5]  *U.S. E.E.O.C. v. Hosp. Housekeeping Sys. of*

22  *Houston, Inc.*, No. 1:11-cv-1658-LJO-SAB, 2013 WL 5817726, at \*7 (E.D. Cal. Oct. 29, 2013),

23  *report and recommendation adopted sub nom. U.S. E.E.O.C. v. Hosp. Housekeeping Sys. of*

24  *Houston, Inc.*, No. 1:11-cv-1658-LJO-BAM, 2013 WL 6134175 (E.D. Cal. Nov. 21, 2013).[6]  The

25

26      [5]  If the "mechanics of payment" were "crucial and material to [the] end bargain,"
    defendants, "who [were] advised by counsel throughout these proceedings[,] would have placed

27  th[at] term[] on the record."  *Mason v. MediFit Corp. Servs., Inc.*, No. 17-cv-02542-JST, 2018 WL
    1609374, at \*3 (N.D. Cal. Apr. 3, 2018) (internal quotation marks omitted).

28      [6]  The cases relied on by defendants regarding material terms are inapposite.  For example,

6

1  language of the oral agreement indicates that this nonmaterial term was to be discussed *after* a

2  basic agreement had been reached. *See Provost v. Regents of Univ. of Cal.*, 201 Cal. App. 4th

3  1289, 1302 (2011) (noting "details adjunct to the substance of the agreement . . . may be

4  negotiated after a basic agreement has been reached").[7]

5  **III.  CONCLUSION**

6  For the foregoing reasons, the moving parties' motion to enter judgment under CCP

7  section 664.6 is **GRANTED**.[8]  The parties shall **MEET AND CONFER** and submit a joint proposed

---

9  in *Weddington Productions, Inc. v. Flick*, 60 Cal. App. 4th 793 (1998), the court invalidated the
   trial court's judgment under CCP section 664.6, which enforced a settlement created by a private
10 mediation judge *without the consent or full participation of the parties*. *Id*. at 797.  In *Lindsay v.
   Lewandowski*, 139 Cal. App. 4th 1618 (2006), a stipulated settlement agreement was found
11 unenforceable because of the uncertainty created by the parties' interchangeable use of the terms
   "binding mediation" and "binding arbitration." *Id*. at 1623.  In *Jasnosz v. J.D. Ott Company, Inc.*,
12 No. C09-952JLR, 2011 WL 219598 (W.D. Wash. Jan. 24, 2011), the court, applying *federal
   common law*, determined that there was nothing in the record indicating that the plaintiff had
13 agreed to a percentage of withholding offered by the defendant, or that there was an offer or
   acceptance.  Moreover, both parties had indicated an intent to revise the terms of the settlement.
14 *Id* at *4.  In *McMillion v. Rash Curtis & Associates*, No. 4:16-cv-3396 YGR, 2017 WL 6033736
   (N.D. Cal. Apr. 18, 2017), this Court's CCP section 664.6 analysis was limited to the issue of
15 whether both parties, as opposed to their attorneys, had actually signed the settlement agreement at
   issue.  *Id*. at *2–3.  Because there was no evidence in the record that the plaintiffs had signed or
16 even seen the agreement, the Court deemed the settlement unenforceable.  *Id*. at *3.

17      [7] As the Court's analysis herein resolves the moving parties' motion, the Court declines to
   address the parties' remaining arguments.

18      [8] The parties have spent considerable ink on evidence extrinsic to the oral settlement
19 agreement placed on the record.  To the extent the parties have provided this Court with
   information from the settlement discussions themselves, that evidence is **SEALED** and **STRICKEN**.
20 *See* ADR Local Rule 7-4(a).  In light of the clear and explicit language of the oral agreement, the
   Court has not considered that information for purposes of its analysis.  *See* Cal. Civ. Code § 1638;
21 *see also F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958, 963 (9th Cir. 2010) (citing
   section 1638 and explaining that "[p]arol evidence is properly admitted to construe a contract only
22 when its language is ambiguous"); *Spitser v. Kentwood Home Guardians*, 24 Cal. App. 3d 215,
   220 (1972) ("[W]hen the language is clear and explicit, does not involve an absurdity (Civ. Code,
23 § 1638)[,] and no ambiguity is shown, evidence of conduct is irrelevant.  In other words, evidence
   to clarify an ambiguity is not needed when no ambiguity is shown to exist.").  For purposes of the
24 instant motion, the Court finds that the discussions which occurred between the parties *after* the
   January 25, 2018 settlement conference relate to *performance* of the settlement agreement and
25 thus were not made "in connection with [the] settlement conference."  ADR Local Rule 7-4(a).
   Accordingly, these discussions are not subject to protection, and in any event, the Court similarly
26 has not considered them given the oral agreement's unambiguous language.  Defendants' motion
   to seal (Dkt. No. 253) is thus **DENIED**.  The moving parties shall provide a proposed form of order
27 in light of these findings within seven (7) days from the date of this Order, approved as to form by
   defendants.

28      Because the Court has not considered post-settlement conference communications, any

7

United States District Court
Northern District of California

form of judgment within seven (7) days from the date of this Order.  If the parties are unable to

reach an agreement as to the form of the judgment, the form should indicate what is agreeable

between the parties and what is not.

This Order terminates Docket Numbers 243, 247, and 253.

**IT IS SO ORDERED.**

Dated: July 25, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

evidentiary objections (*see* Opposition at 7–10; *see also* Dkt. No. 249-1) are **OVERRULED**, and defendants' request for judicial notice (Dkt. No. 251) is **DENIED**.